## Snelling's Administrator, et al. v. Galvin.

(Decided March 16, 1917.)

### Appeal from Kenton Circuit Court.

1. Executors and Administrators—Wills—Administrator With Will Annexed—Appointment Prior to Probate of Will—Validity—Authority.—The appointment of an administrator with a will annexed prior to the probate of the will is void and confers no authority on the appointee to bring suit for a sale of land under the will.

2. Judicial Sales—Sale of Land Under Will prior to Probate—Jurisdiction—Void Sale—Validation.—In a suit by such administrator to sell land under the will, a circuit court is without jurisdiction to order the sale before the will is probated in the county court, and the mere probate of the will after the sale without the reappointment of the administrator with the will annexed will not have the effect of validating the proceedings.

3. Judicial Sales—Purchaser—Title.—Where a judgment of sale was void because based on an unprobated will, the purchaser will not be required to accept the title on the ground that the judgment was binding on the sole owner of the property, who was a party plaintiff, where the will itself showed that she was not entitled to the property until the death of the husband of the testatrix, and the petition merely alleged that she was the sole devisee of the property without averring that the husband was dead.

TOMLIN & VEST for appellants.

EDWARD J. TRACY and GALVIN & GALVIN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Nancy Snelling, a resident of Kenton county, died in the year 1914, leaving a will by which she directed that her home, consisting of 3¼ acres, be sold and the proceeds held in trust for the support and maintenance of her husband, Frank Snelling. She further directed that upon the death of her husband the remainder of the proceeds should go to her sister, Mary F. Hinkle, but if Mary F. Hinkle should then be dead, the proceeds should go to her daughter, Luna B. Wilson.

The Equitable Bank & Trust Company was appointed administrator with the will annexed, and as such brought this suit against F. W. Ray and Serilda Webster, two of testatrix's creditors, for the purpose of selling the home under the will. Mary F. Hinkle was also made a party plaintiff. Subsequently the property was sold and Maurice L. Galvin became the purchaser. His exceptions to the report of sale having been sustained, plaintiffs appeal.

It appears that when the will in question was offered for probate it was rejected by the county court. On appeal to the circuit court the jury found that the paper in question was the last will and testament of Nancy Snelling, deceased, and judgment was rendered accordingly on June 25, 1915. The sale took place on February 21, 1916, pursuant to an order entered November 30, 1915. The will was not probated or recorded until May 17, 1916. Here, then, we have a case where a suit was brought by the administrator with the will annexed to sell property under the will. When the administrator with the will annexed was appointed the will had not been probated, nor had it been probated when the suit was brought, or the judgment of sale was rendered or

the sale took place or the exceptions were filed. After the filing of the exceptions the will was probated, but no new appointment of plaintiff as administrator with the will annexed was made. This is not a case where the appointment of the administrator is merely voidable. The will not having been probated when the appointment was made, there was nothing on which to base the appointment and the appointment was void. The appointment being void, there was no such person in existence as the administrator with the will annexed and, therefore, no authority in the plaintiff to bring suit as such administrator. Not only so, but inasmuch as the purpose of the suit was to sell the land under the will, and the alleged will had no legal existence when the judgment was rendered and the sale took place, the circuit court was without jurisdiction to sell the land under the will and no title passed by virtue of the proceedings. While it is true that after the sale the will in question was probated, no new appointment of the plaintiff as administrator with the will annexed was then made, and we, therefore, conclude that the mere subsequent probate of the will did not have the effect of validating the sale.

But the point is made that because Mary F. Hinkle, who alone had title to the property, was a party plaintiff, the judgment of sale was binding on her and, therefore, passed a good title to the purchaser. The difficulty with this contention grows out of the fact that, under the will, Mary F. Hinkle was not entitled to the proceeds of the property until the death of Frank Snelling, the husband of the testatrix. Hence the allegation of the petition that Mary F. Hinkle was the sole devisee under the will is a mere legal conclusion contradicted by the will itself, and is not sufficient to show that Mary F. Hinkle is entitled to the entire proceeds of the property, in the absence of an averment that Frank Snelling was dead. It not appearing that Mary F. Hinkle was the sole owner of the property, we cannot uphold the sale on the ground that the purchaser acquired a good title merely because she was a party to the action.

Being of the opinion that the purchaser did not acquire a good title by virtue of the proceedings in question, it follows that his exceptions to the report of sale were properly sustained.

Judgment affirmed.