On March 6, 1916, Katie E. Burker, a resident of Logan county, filed in the county court of that county a petition in which she asked to be appointed administratrix of the estate of her mother, Catherine Rouse, deceased. The petition was set for hearing on the 20th day of March following. On March 10, 1916, George Rouse, her brother, filed in the county court of Logan county a petition in which he asked to be appointed administrator of the estate of his deceased mother, and in which he sought to contest the application of his sister, Katie, on the ground of a prior statutory right to administration. His application and contest were also set for hearing on March 20th. On the latter day the applicant Katie and her brother David filed objections in the county court to the appointment of George, on the ground that there was at the time pending in the district court of Logan county an action against him on behalf of the estate to recover on a promissory note. Other charges arising out of alleged dishonest business transactions were urged against his appointment, which charges were signed and sworn to by both Katie and David. On March 20th the three parties named, together with their sister Julia appeared, and the court after hearing the evidence found that George was a fit person and best entitled to letters of administration and was prior in right under the statute to his sister Katie to act as administrator. From the order appointing George, Katie and David gave notice of appeal, in which it is recited that they had applied for the appointment as administratrix and administrator, respectively, and that the court had refused to appoint either of them; hence their appeal. The bond given on appeal was the joint bond of Katie and David. At the trial in the district court, it was admitted that suit had been brought by L.N. Baker, guardian of Catherine Rouse. against George Rouse to recover on a promissory note in the sum of $1,000, and that he was contesting his liability thereon, and that the action was pending on February 20, 1916, the date of the death of said Catherine. After the latter's death, the action was revived in the name of Louise N. Baker, the special administrator of her estate.
Did the court err in appointing George Rouse administrator, in view of his antagonistic attitude toward the estate, and the fact that he was at the time contesting a recovery on a promissory note in an action then pending against him in the district court? If his appointment is to stand, the anomaly will follow of his being both plaintiff and defendant in the pending action, as section 6287 provides that, when letters tesamentary or of administration on the estate of the decedent have been granted, the powers of the special administrator cease, and he must forthwith deliver to the executor or administrator all the property and effects of the decedent in his hands and the executor or administrator so appointed may prosecute to final judgment any suit commenced by the special administrator. Under the statute, letters of administration must be granted to some one of the persons named in section 6245 in the order therein named; the seventh class being "the next of kin entitled to share in the distribution of the estate." Under section 6246, of several persons claiming and equally entitled to administer, males must be preferred to females. So that, if the only question involved was the superiority of the right of Katie and George and the protestant David equally entate, George would be preferred.
However, in the instant case it appears that there were two brothers, the applicant George and the protestant David equally entitled to administration, aside from any question of incompetency or disqualification of either. No charges are made that David was not fitted to act as administrator. Construing the statute strictly, George was not incompetent, if we are to look to section 6249 defining incompetency alone. Where, however, there is included in the next of kin two brothers equally interested in the estate, one of whose interest is antagonistic to, and who is involved in litigation with, the estate, the court should issue letters to the parties best entitled thereto, regardless of the fact that the other brother did not file a formal application to be appointed administrator. Such is the mandate of the statute which provides that —
"The court must hear the allegations and proofs of the parties, and order the issuing of letters of administration to the party best *Page 298 
entitled thereto." Section 6253, Rev. Laws 1910.
At no time did David file a waiver of his right to appointment as provided for in section 6251, nor is it made to appear that he was either incompetent or unsuitable; and we may fairly assume for the time that he was neither, hence, such being the case, the court, in the exercise of a reasonable discretion, should have issued letters of administration to him. True it is the statute requires that letters of administration must be granted to an applicant, though it appear there are other persons having better rights to the administration, "which such persons fail to appear and claim the issuing of letters to themselves." But David did not fail to appear; indeed, he appeared from the beginning and protested against his brother's appointment, and in the notice of appeal urged as a ground thereof that the court had failed to appoint either him or his sister as the legal representative of the estate.
While there are authorities to the effect that the court having jurisdiction over probate matters is without discretion to decline to appoint as administrator one otherwise entitled thereto on account of such person occupying a position hostile to the interests of the estate we do not understand that the cases go so far as to hold that between two heirs equally entitled to letters of administration, the court having the appointing power must confine the exercise of its jurisdiction to those making formal application, where others having an equal right are before the court and contest the right of the applicant to appointment on the ground that he is unsuitable by reason of pending litigation and hostility toward the estate. If the contest were alone between Katie and her brother George, it may be that his prior right to letters of administration would require an affirmance of the order appointing him administrator. Keeping in mind, however, the fact that there was before the court another brother, equally entitled to administration, and against whom no claim of adverse interest was made, the court have appointed him in preference to the applicant, even though the former made no formal application for appointment. These views violate none of the provisions of the statute, and will best subserve the interests of those entitled to share in the distribution of the estate, and will, in addition, remove any obstacle in the way of carrying on the pending litigation.
The judgment of the trial court is reversed, and the cause remanded, with instructions to proceed further in accordance with the views herein expressed.
All the Justices concur.