[Department Two. — June 4, 1883.]

# IN THE MATTER OF THE ESTATE OF THOMAS BEECH, Deceased.

ADMINISTRATION — APPLICATION FOR LETTERS. — Two applications were made for letters of administration, one by the public administrator, and the other by a person who based his claim upon the written request of a son of the deceased residing in Great Britain. The court below decided in favor of the public administrator on the ground that no effect could be given to the request of the son by reason of his non-residence. *Held*, on a construction of certain provisions of the Code of Civil Procedure that the decision was correct.

STATUTE — CONFLICTING PROVISIONS — REPEAL BY IMPLICATION. — The provisions of section 1369 of the Code of Civil Procedure excluding non-residents is not repealed by section 1379 of the same Code. There is no express repeal, and no such conflict as to work a repeal by implication.

APPEAL from an order of the Superior Court of the city and county of San Francisco denying the application and petition of Thomas Menzies for letters of administration, and granting the same to the public administrator.

The decedent died in England, being at that time a resident of that country. He was never a resident of California, but left an estate here consisting of ten thousand dollars, deposited in the Security Savings Bank of San Francisco. The heirs of the decedent were Walter H. Beech, his son, and Mary L. F. Beech and Mrs. Bell, his daughters, all residents of the kingdom of Great Britain. There were no heirs or relatives residing in California. The decedent left a will which was admitted to probate in said kingdom, and the said Walter H. Beech was a devisee and legatee, and was named as an executor and trustee thereof. Walter H. Beech was never a resident of California. A copy of the will and probate were filed in the Superior Court of the city and county of San Francisco. Walter H. Beech made a written request asking the appointment of Thomas Menzies, the petitioner, as administrator with the will annexed, and that letters of administration be issued to him.

B. A. Reynolds, public administrator, also petitioned for letters of administration.

The court granted letters to the public administrator, and Menzies appealed.

*Sydney V. Smith & Son,* for Appellant, argued that he was entitled to letters under section 1379 of the Code of Civil Procedure as amended in 1880, and contended that the right of nomination conferred by that section is not lost by non-residence. That section 1369 of the Code of Civil Procedure is but a limitation upon the right of a non-resident to *serve* as administrator, citing *Estate of Cotter,* 54 Cal. 215; *Lucas* v. *Todd,* 28 Cal. 186.

*John A. Wright,* for the public administrator, cited in opposition to the appellant, *Estate of Kelly,* 57 Cal. 81; *Estate of Cotter,* 54 Cal. 215; *Estate of Morgan,* 53 Cal. 243.

SHARPSTEIN, J.—Section 1369 of the Code of Civil Procedure declares that " no person is competent or entitled to serve as administrator who is . . . . not a *bona fide* resident of this State." Section 1379 of the Code of Civil Procedure provides that " administration may be granted to one or more competent persons, although not entitled to the same, at the written request of the person entitled, filed in the court. When the person entitled is a non-resident of the State, affidavits or depositions, taken *ex parte* before any officer authorized by the laws of this State to take acknowledgments and administer oaths out of this State, may be received as primary evidence of the identity of the party, if free from suspicion, and the fact is established to the satisfaction of the court."

Were it not for the last clause of this section it probably would not be claimed that the court erred in refusing to appoint the appellant, whose sole right to administration is based upon the request of a non-resident, who, if a *bona fide* resident of this State, would himself be entitled to administration. And unless the clause of section 1369 above quoted is repealed by the last clause of section 1379, the request to have the appellant appointed was not made by a person who was himself either competent or entitled to serve as administrator.

There is no express repeal of the earlier statute, and a repeal by implication is not favored; on the contrary, courts are bound to uphold the prior, if the two acts may well subsist together. (*Dr. Foster's Case,* 7 Rep. 87; *Bowen* v. *Lease,* 5 Hill,

221 ;. *Canal Co.* v. *R. R. Co.* 4 Gill & J. 1; *Street* v. *Commonwealth*, 6 Watts & S. 209; *Commonwealth* v. *Easton Bank*, 10 Barr. 322; *Brown* v. *County Commissioners*, 21 Pa. St. 37; *Williams* v. *Potter*, 2 Barb. 316; *Commonwealth* v. *Herrick*, 6 Cush. 465.)

If the latter part of this statute be repugnant to the former part the latter part must stand, and so far as it is repugnant, be a repeal of the former, because it was last agreed to by the makers of the statute. (*Attorney-General* v. *Governor & Co. of Chelsea Water Works*, Fitzg. 195; Dwarris on Statutes, 515, 534.)

The question to be determined here is, whether the two clauses of the Code above quoted are repugnant or irreconcilably inconsistent. The former positively declares that no person is competent or *entitled* to serve as administrator who is not a *bona fide* resident of the State. The latter does not expressly declare that any person who is not a *bona fide* resident of the State shall be competent or entitled to so serve. It says, " *When* the person so entitled is a non-resident" his identity may be proven in a certain way. But "the person so entitled" never can be a non-resident so long as the clause which we have quoted from section 1369 stands unrepealed. So the legislature appears to have provided for a contingency which cannot arise under the law as it now stands, and until that contingency does arise the latter clause of section 1379 must remain practically inoperative.

Order appealed from affirmed.

MYRICK, J., and THORNTON, J., concurred.