(April 18, 1914.)

## FRANK WRIGHT, Appellant, v. J. G. MERRILL, Respondent.

### [140 Pac. 1101.]

ADMINISTRATOR—APPOINTMENT OF—RECOMMENDATION OF NONRESIDENT BROTHER—PRIORITY OF RIGHT—CREDITOR—ADMINISTRATOR—DELAY IN MAKING APPLICATION FOR APPOINTMENT OF.

1.   The order of priority in right of administration on the estate of a person dying intestate is fixed by the provisions of sec. 5351, Rev. Codes.

2.   Sec. 5365, Rev. Codes, which provides that administration may be granted to one or more competent persons although not otherwise entitled to the same, upon the written request of a person entitled, filed with the court, does not apply to nonresidents, since under the provisions of sec. 5355 a nonresident is not competent or entitled to appointment as an administrator.

3.   Under the provisions of sec. 5363, Rev. Codes, letters of administration must be granted upon proper application, although it appears that other persons have better rights to the administration, when such persons fail to appear and claim the issuance of such letters to themselves within a reasonable time after the death of the intestate.

4.   The provisions of this section require persons entitled or having better rights to administration to make application within a reasonable time for such appointment, and if they fail to make such application, letters should be granted to any qualified applicant who makes application therefor prior to the time that application is made by the one who may have had a better right.

APPEAL from the District Court of the Fifth Judicial District, in and for Bear Lake County.  Hon. Alfred Budge, Judge.

Appeal from a judgment appointing an administrator of the estate of Rody Thornton, deceased.  Judgment *reversed*.

Thos. L. Glenn, for Appellant, cites no authorities.

Gough & Kunz, for Respondent.

The sole question to be determined in the case at bar is whether or not a nonresident brother of the deceased, who is himself incompetent to administer by reason of his non-residence, can by request advance a person from the eleventh class to a priority over a person of the tenth class.

Sections 5351 and 5365 of our codes are identical with sections 1365 and 1379, Cal. Code Civ. Proc.  And our contention is fully sustained by two decisions of the supreme court of that state, construing these sections with reference to this question.  (*Estate of Beech*, 63 Cal. 458; *In re Meier's Estate*, 165 Cal. 456, 132 Pac. 764, 48 L. R. A., N. S., 858.)

As we understand the opinion of this court in *Estate of Daggett*, 15 Ida. 504, 98 Pac. 849, the reasoning there is to the same effect.

SULLIVAN, J.—This is an appeal from a judgment of the district court affirming the decision of a probate court in the appointment of J. G. Merrill as administrator of the estate of Rody Thornton, deceased.

It appears from the facts of the case that said deceased was at one time a resident of the state of Wyoming and died intestate in the county of Bear Lake, Idaho, while temporarily residing in Idaho.  He left property in Bear Lake county of the estimated value of $3,525.  He was unmarried at the time of his death and none of his heirs resided in this state.  Said Thornton departed this life on the 4th day of May, 1912.  At the time of his death he left in the state of Wyoming an estate consisting of personal and real property,

the real estate being of the estimated value of $30,000 and the personal property of the value of $40,000. (See *In re Thornton's Estate* (Wyo.), 133 Pac. 134.) From that decision it appears that the said J. G. Merrill claimed to be heir to the entire estate under and by virtue of a nuncupative will alleged to have been made by said Thornton during his lifetime, which will was held invalid and void by said decision of the supreme court of Wyoming.

During the pendency of said case in the Wyoming courts nothing was done in the state of Idaho toward administering on that portion of said deceased's estate situated in this state, but after said decision was rendered by the supreme court of Wyoming holding said nuncupative will invalid, and on the 29th day of July, 1913, the appellant herein filed his petition in the probate court of Bear Lake county praying for letters of administration on said estate. Said petition was filed at the instance and written request of George Thornton, one of the brothers of said deceased, who acted therein for and on behalf of himself and the other heirs of said deceased, all of whom were nonresidents of the state. The next of kin surviving said deceased are as follows: George Thornton, Hugh Thornton and Peter Thornton, brothers of deceased; Anna J. Thornton McDonald, a sister, and the children and heirs of Perry Thornton, a brother of decedent, and the children of Mary Thornton Nolen, a sister of the decedent.

To said petition the respondent Merrill filed a protest and prayed that letters of administration on said estate be granted to him and that the application of said Frank Wright for letters be rejected. On the 13th day of August, 1913, said George Thornton filed his verified petition and affidavit in said cause, demanding and requesting that letters of administration be granted to the appellant Wright.

A hearing was had by the probate court in said matter and the probate court thereafter made an order denying the application or petition of Wright to be appointed administrator and granted the application or petition of Merrill, and thereupon issued letters of administration to the said Merrill,

from which order Wright appealed to the district court and thereafter said matter was heard upon the records and files of the case and the following stipulation of facts:

"It is hereby stipulated and agreed by and between the parties herein, through their respective attorneys, as follows, to wit:

"1st. That the applicant, Frank Wright, is a resident of Bear Lake County, Idaho, and is a person competent to administer on the estate of the deceased, situate in said Bear Lake County, Idaho.

"2nd. That the said deceased left no wife surviving him; that his only heirs at law are his brothers and sisters and nephews and nieces named in the petitions for letters herein; and that all of his said brothers and sisters and nephews and nieces are non-residents of the state of Idaho.

"3rd. That George Thornton, a brother of the deceased, acting for himself and the other said heirs has requested in writing filed in the Probate Court of Bear Lake County, Idaho, the appointment of the said Frank Wright as administrator of the estate of said deceased, situate in said Bear Lake County, Idaho.

"4th. That J. G. Merrill, the protestant and an applicant herein, is a resident of Bear Lake County, Idaho, and is a competent person to act as administrator for the estate of said deceased, situate in Bear Lake County, Idaho, and that the said J. G. Merrill is a creditor of said estate.

"5th. That this matter may be heard in this court at this time on the records and files herein and the facts stipulated above."

The district court thereafter entered a judgment affirming the decision of the probate court in the appointment of Merrill as administrator of said estate.

Two errors are relied upon: 1st, that the court erred in affirming the judgment of the probate court in its appointment of Merrill as administrator of said estate, for the reason that one of the brothers, on his own behalf and on behalf of the other heirs, requested the appointment of said Wright as administrator; 2d, that the court erred in appointing said

Merrill for the reason that Merrill had failed to apply within a reasonable time for letters of administration, and not until Wright had petitioned for such appointment. Merrill claims to be a creditor of said estate and bases his application on that ground.

Priority in rights of administration is provided by sec. 5351, Rev. Codes, and brothers are fourth in order, and creditors tenth in order under said section. Wright claims the right of appointment under the application of a brother of the deceased, which brother was a nonresident of the state.

It is admitted that both Wright and Merrill are competent to act as such administrator, but it is contended by the appellant that since the brother and other heirs of said deceased requested the appointment, he had the preference, because the brothers of a deceased are fourth in the order entitled to administration under the provisions of sec. 5351, Rev. Codes, and a creditor is the tenth in order. It is also contended that the brothers had a right to a preference over the creditor under the provisions of sec. 5365, Rev. Codes, even though they were nonresidents. Sec. 5365 is as follows:

"Administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled, filed in the court. When the person entitled is a nonresident of the state, affidavits taken *ex parte* before any officer authorized by the laws of this state to take acknowledgments and administer oaths out of the state, may be received as primary evidence of the identity of the party, if free from suspicion, and the fact is established to the satisfaction of the court."

It is contended by counsel for respondent, under the provisions of sec. 5355, that a nonresident brother is not competent to serve as an administrator and for that reason the provisions of sec. 5365 are not applicable, and that the written request of a brother who is not competent to act as an administrator because of his nonresidence does not come within the provisions of said section; that such written request must be made by one who is competent to act as an administrator and a *bona fide* resident of the state. Counsel cites in support

of that contention *In re Estate of Beech,* 63 Cal. 458, which case was decided by the supreme court of California in June, 1883. In that case two applications were made for letters of administration, one by the public administrator and the other by a person who based his claim upon the written request of a son of the deceased residing in Great Britain, and the trial court decided in favor of the public administrator on the ground that no effect could be given the request of the son by reason of his nonresidence. The court here held, after reviewing certain other provisions of the statute, that the decision of the trial court was correct. In the decision of the supreme court, reference is made to sec. 1369 of the Code of Civil Procedure of California, which declares, among other things, that no person is competent or entitled to serve as an administrator who is not a *bona fide* resident of the state. That section corresponds to sec. 5355 of the Rev. Codes of this state. The court there also refers to sec. 1379 of the Code of Civil Procedure of California, which is substantially the same as sec. 5365 of the Rev. Codes of this state, and the question determined by that court was whether the two clauses of said sections were repugnant or irreconcilably inconsistent, and the court said:

"The former positively declares that no person is competent or *entitled* to serve as administrator who is not a *bona fide* resident of the state. The latter does not expressly declare that any person who is not a *bona fide* resident of the state shall be competent or entitled to serve. It says, '*When* the person so entitled is a nonresident' his identity may be proven in a certain way. But 'the person so entitled' never can be a nonresident so long as the clause which we have quoted from section 1369 stands unrepealed. So the legislature appears to have provided for a contingency which cannot arise under the law as it now stands, and until that contingency does arise the latter clause of section 1379 must remain practically inoperative."

The sections above referred to of the Idaho code were adopted from the California code, and were a part of the California code before the Revised Statutes of 1887 of this

state were adopted, and that decision was rendered prior to 1887. We are therefore inclined to follow the California supreme court on the question under consideration and hold that the application of a nonresident brother and other heirs of the deceased does not give the person recommended by them a preference right over any others entitled to the appointment as administrator under the provisions of said sec. 5351.

It is next contended that since Merrill as a creditor of said estate neglected and failed to apply for letters of administration for more than a year after the death of said deceased and until after the application of Wright had been made, under the provisions of sec. 5363 the court erred in appointing Wright as administrator. Said section is as follows:

"Letters of administration must be granted to any applicant, though it appears that there are other persons having better rights to the administration, when such persons fail to appear and claim the issuing of letters to themselves."

It appears that the principal part of the estate of said deceased was situated in the state of Wyoming and that for about a year after the death of the deceased, Merrill was attempting to secure to himself said entire estate through a nuncupative will which the supreme court of Wyoming, in the case of *In re Thornton's Estate, supra,* held was not a valid will, and there is no doubt considerable feeling existing between the heirs of said deceased and the said Merrill. It also appears that the heirs claim there is considerably more property in Idaho belonging to said estate than Merrill admits belongs to the said estate, and under all of the facts of the case it certainly appears that Wright, who is conceded to be fully competent to act as administrator, ought to be more satisfactory to all concerned than one who has attempted, rightfully or otherwise, to procure said entire estate to himself.

Under the provisions of said last mentioned section, we think, on account of the long delay of Merrill in making his application for letters of administration and his not having made such application for some fourteen months after the death of the deceased and until after Wright had made ap-

plication for such letters, that the court erred in appointing Merrill as such administrator.

The judgment of the trial court is therefore reversed and the cause is remanded, with instructions to the trial court to reverse its former judgment affirming the judgment of the probate court, and reverse the judgment or order of the probate court appointing Merrill as administrator, and to remand the cause to the probate court for further proceedings in accordance with the views expressed in this opinion.

Costs are awarded to appellant.

Ailshie, C. J., concurs.