[L. A. No. 4505.   Department One.—May 24, 1917.]

In the Matter of the Estate of MARY O. WISE, Deceased.

ESTATE OF DECEASED PERSON—INTESTACY—LETTERS OF ADMINISTRATION —PUBLIC ADMINISTRATOR PREFERRED TO GRANTEE OF NONRESIDENT HEIR.—Under section 1365 of the Code of Civil Procedure, the public administrator has a preferential right to letters of administration upon the estate of an intestate as against the grantee of a nonresident heir.

APPEAL from an order of the Superior Court of San Diego County granting letters of administration upon the estate of an intestate.   W. R. Guy, Judge.

The facts are stated in the opinion of the court.

A. C. Mouser, for Appellant.

Hamilton & Lindley, for Respondent.

SHAW, J.—The appellant, A. C. Mouser, appeals from an order of the superior court denying the petition of two non-residents, heirs of the decedent, for letters of administration upon the estate of Mary O. Wise, deceased, to Mouser, and granting letters thereon to Edwin Reed, who was the public administrator of the county of San Diego. Mary O. Wise died intestate seised of real property situated in said county. The only fact by virtue of which the appellant claims the right to letters is that, since the death of the decedent, he has received a conveyance from one of her heirs purporting to convey to him all of the right, title, and interest of said heir in a part of the said real property of which Mary O. Wise died seised. The said heir was not and is not a resident of the state of California.

The right to letters of administration upon the estate of one who dies intestate is controlled by section 1365 of the Code of Civil Procedure. Under that section, persons are entitled to letters in the following order: "1. The surviving husband or wife, or some competent person whom he or she may request to have appointed. 2. The children. 3. The father and mother. 4. The brothers. 5. The sisters. 6. The grandchildren. 7. The next of kin entitled to share in the distribution of the estate. 8. The public administrator. 9. The creditors. 10. Any person legally competent." The opening clause declares that relatives are entitled to administration only when they are entitled to succeed to the personal estate. It will be seen that the public administrator takes precedence of "any person legally competent" who is not entitled to letters by virtue of relationship. There is no provision that the grantee of one of the persons entitled as heir or next of kin shall have the right in preference to the public administrator. As the heirs were nonresidents, they were not entitled to administer.   (Code Civ. Proc., sec. 1369.)

Hence they could not nominate. (*Estate of Beech,* 63 Cal. 458.) It follows that the appellant had no right to letters and that the court below properly refused to grant the petition as against the public administrator, who also applied for such letters. There are cases holding that where a person dies testate and the executor named in the will fails to apply for letters, the court, under section 1323 of the Code of Civil Procedure, may appoint "any other person interested in the will" who petitions therefor, and that this gives authority to appoint the grantee or assignee of a person who takes under the will. (*In re Bergin,* 100 Cal. 376, [34 Pac. 867]; *Estate of Engle,* 124 Cal. 292, [56 Pac.. 1022].) These cases have no application to the rights of persons to administer upon the estate of an intestate.

It is unnecessary to consider the respondent's objection to the transcript.

The order is affirmed.

Sloss, J., and Lawlor, J., concurred.