## In re WALKER'S ESTATE.
## WALKER v. WALKER.

No. 23348.     Sept. 25, 1934.

Wm. A. Tidwell and Walter Scott, for plaintiff in error.

T. G. Carr, for defendant in error.

McNEILL, J. This cause involves the right to letters of administration of an estate of a person dying intestate.

The facts do not appear to be disputed. Denison Walker died intestate on or about September 4, 1931. In 1906, he married Elsie King. They lived together as husband and wife until 1923, when a divorce was granted to the wife. In 1924, the decedent married Agnes Walker.

The first wife, Elsie Walker, filed a petition in the county court of McCurtain county for letters of administration to be issued to L. F. Moreland. After hearing, the county judge of said county found that said petitioner, Elsie Walker, and said Agnes Walker, a wife by subsequent marriage, were present in open court, and were incompetent and not suitable persons to be appointed to administer said estate, and thereupon appointed said Moreland as administrator of said estate.

Agnes Walker filed no contest or objection to the petition filed in said county court for said appointment of said Moreland, and thereafter said Agnes Walker perfected an appeal to the district court of said county from the order of the county court appointing said Moreland as administrator of said estate on both questions of law and of fact, assigning as grounds for said appeal that under the law she, as the surviving widow of said decedent, was entitled to administer said estate; that no notice was given of said appointment; that she was competent and had not waived her right to such appointment. After a hearing, the district court found that said Agnes Walker was the surviving widow of said decedent, and as such was entitled to be appointed as administratrix of said estate. The cause was reversed and remanded to the county court, with directions to remove said Moreland as administrator of said estate and to appoint the surviving widow of said decedent, Agnes Walker, or some other competent person whom she might request to have appointed for the administrator of said estate.

Plaintiff in error contends that the district court was without jurisdiction to make and enter its order and decree in reversing the action of the county court on the theory that said Agnes Walker, as appellant in the district court, filed no contest or objection to the petition filed in the county court for the appointment of said Moreland as administrator of said estate, and, that, by reason of her failure to make timely objections, she waived her right or any prior right if any she had to be appointed as administratrix of said estate, or to designate any person to whom letters of administration should be issued; that said Agnes Walker should have proceeded under section 1148, C. O. S. 1921, by filing an objection to the petition of said Elsie Walker by asserting her own rights to the administration of said estate. Under plaintiff in error's theory, the abuse of discretion by the county court is called in question, and it is urged that, if the county court did not abuse its discretion, then its order appointing said Moreland as administrator of said estate should stand. Plaintiff in error also urges that the evidence discloses that said decedent and Elsie Walker, after the granting of said divorce, sustained a common-law marriage, existing from the date of the decree of divorce to the date of the death of said decedent.

Under section 1141, C. O. S. 1921, the administration of the estate of a person dying intestate must be granted to the surviving spouse, or to some competent person designated by said surviving husband or wife to whom letters of administration shall be issued. Section 1145, C. O. S. 1921, defines who are incompetent as follows:

"First: Under age of majority.

"Second: Convicted of an infamous crime.

"Third: Adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence or want of understanding or integrity."

The county judge of the county court, in its decree appointing Moreland as adminis-

trator of said estate, recited that said Agnes Walker was present in open court and specifically found her incompetent to act as administratrix of the said estate. Under the statutes relating to probate procedure, Agnes Walker was a person interested in the administration of said estate. She was present at the hearing on the petition for letters of administration. A judgment, decree, or order granting letters of administration is appealable to the district court. Section 1410, C. O. S. 1921 (1397, O. S. 1931). She was entitled to appeal to the district court from the finding of the county judge that she was incompetent to act as administratrix of said estate, and also to appeal from the appointment of Moreland, who had no interest in said estate, whether she was or was not present at said hearing. Section 1413, C. O. S. 1921 (1400, O. S. 1931). Her statutory remedy was not confined exclusively to section 1148, C. O. S. 1921 (1144, O. S. 1931), which provided for the filing of written objections to the petition for letters of administration filed by Elsie Walker and the assertion of her own rights to the administration of said estate.

We find it unnecessary to discuss the evidence. The trial court found that Agnes Walker was the surviving wife of decedent and entitled to letters of administration. The evidence amply sustains such finding.

Judgment affirmed.

RILEY, C. J., CULLISON, V. C. J., and OSBORN and BUSBY, JJ., concur.