[Civil No. 3875. Filed November 8, 1937.]

[72 Pac. (2d) 952.]

In the Matter of the Estate of JOSEPHINE GE-RARD, Deceased; LEE ACTON, Former Administrator of Said Estate, Appellant, v. JOHN DeCAMP, Incumbent Administrator of Said Estate, Appellee.

Mr. Fred C. Bolen and Mr. J. S. Wheeler, for Appellant.

Messrs. Clark & Clark and Mr. Chet W. Williams, for Appellee.

McALISTER, C. J.—This is an appeal by Lee Acton, former administrator of the estate of Josephine Gerard, deceased, from two orders, one denying his amended petition for letters of administration and the other appointing John B. DeCamp administrator. The notice of appeal mentions several other orders but these are the material ones.

The record discloses that on June 26, 1936, one Josephine Gerard, an elderly lady, died intestate in Phoenix, Arizona, where she had lived for many years, leaving an estate consisting of real and personal property. She had no relatives or heirs in this state, so on July 1st thereafter one Lee Acton, of Phoenix, filed a petition stating that he was a creditor of the estate and praying that letters of administration thereof be issued to him, and on July

11th thereafter an order appointing him administrator, upon his giving the required bond, was made.

Four days later, or on July 15, 1936, Winniford Jessie McCaulley and Katherine Adeline Hughes of Omaha, Nebraska, half sisters of the deceased, filed a petition asking that the letters of administration issued to Lee Acton be revoked and that one Joseph C. Furst of Phoenix, Arizona, be appointed administrator. This petition, so far as it pertained to the revocation of the letters theretofore issued, was granted on July 28th thereafter but the matter of the appointment of Furst was taken under advisement and on October 8, 1936, before it was decided, one Florentin Jean Gerard of France, a full brother of the deceased, filed through his attorney, Chet Williams, a petition objecting to the appointment of either Lee Acton or Joseph C. Furst as administrator and nominating one John B. DeCamp therefor.

A few days later Lee Acton was permitted to file an amended petition for letters of administration and through his counsel, Fred G. Bolen, he requested the court on October 21st thereafter to dismiss the petitions of Furst and his nominators, demurred to the petitions of John B. DeCamp and his nominator, Florentin Jean Gerard, and on November 2d filed objections to the appointment of John B. DeCamp. At that time the petitions, as well as the demurrers and objections to them, were heard and taken under advisement, and on January 15, 1937, both the petition of Furst and the amended petition of Acton were denied, the demurrers of the latter overruled, and the petition of John B. DeCamp for letters of administration granted and his appointment made.

The question presented by the appeal is, whether the action of the court in denying the amended petition of Lee Acton, a creditor of the estate, for letters of administration, and in granting the petition of

John B. DeCamp, a stranger, upon the nomination of Florentin Jean Gerard, a full brother but a nonresident of Arizona, was valid. The answer to this query depends upon the proper construction to be placed upon the following sections of the Revised Code of 1928:

"3922. *Order of preference in appointment.* Administration of the estate of a person dying intestate shall be granted to some one or more of the following persons and in the following order: The surviving husband or wife, or some competent person whom he or she may request to have appointed; the children; the father or mother; the brothers; the sisters; the grandchildren; the next of kin entitled to share in the distribution of the estate; the creditors; any person legally competent; if the decedent was a member of a partnership at the time of his decease the surviving partner shall not be appointed administrator of the estate of the decedent."

"3925. *Who not competent to serve.* No person is competent to serve nor shall be appointed as administrator who is: Under the age of majority; or convicted of an infamous crime; or not a *bona fide* resident of this state and a citizen of the United States, except in ancillary probate; or adjudged by the court to be incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding or integrity; or is a qualified and acting coroner."

"3932. *Person entitled may have another appointed.* Administration may be granted to a person, although not entitled to the same, at the written request of the person entitled, or, if otherwise entitled, is not competent to serve, filed in the court. When the person entitled is a non-resident of the state, affidavits or depositions taken *ex parte* before any officer authorized to take acknowledgments and administer oaths out of this state, may be received as primary evidence of the identity of the party, if the fact is established to the satisfaction of the court."

Prior to 1928 the first sentence of the last section, 3932, which up to that time was paragraph 801, Revised Statutes of 1913, read as follows:

"Administration may be granted to one or more competent persons, although not entitled to the same, at the written request of the person entitled, filed in the court."

The contention of appellant is that under these provisions he, as a creditor of the estate, was entitled to administration and that the court was without power to appoint John B. DeCamp, a stranger, as administrator, upon the request of a brother of the deceased who lived in France, while appellee rests his case upon the proposition that under these same provisions the court was not required to appoint appellant, but had the right, notwithstanding his petition, to honor the request of a nonresident brother for the appointment of DeCamp.

 Section 3922 provides that the order in which those entitled to administer an estate shall have preference is as follows: (1) the surviving husband or wife, or some competent person whom he or she may request to have appointed; (2) the children; (3) the father or mother; (4) the brothers; (5) the sisters; (6) grandchildren; (7) the next of kin entitled to share in the distribution of the estate; (8) the creditors; (9) any person legally competent. It will be observed that in this section no one but the surviving husband or wife is given the right to request the appointment of some other competent person. However, section 3932 authorizes the granting of administration to a person, although not entitled to the same, "at the written request of the person entitled, or, if otherwise entitled, is not competent to serve, filed in the court," which means that the court may grant administration to any competent person, even though he is not entitled thereto, at the request of either a person who is entitled under 3925, or a person who, though entitled under that section, is incompetent under 3925 to serve. Such is necessarily the effect of the coordinating con-

junction "or," connecting the two expressions, "the person entitled," and, "if otherwise entitled, is not competent to serve." Hence, the fact that one otherwise entitled is not competent under section 3925 does not prevent his or her nomination from being just as effectual as would one made by a person who is both entitled and competent, because these two persons have, under the language quoted, an equal right to nominate. It follows, therefore, that if a brother, for instance, who is entitled to letters but incompetent because a nonresident, requests the appointment of some competent person, the court may give that request preference over the petition of any other person whose right to administration arises because he or she falls within the fifth, sixth, seventh, eighth or ninth class enumerated in section 3922, all of which confer rights inferior to that of a brother's.

As authority for his contention that the brother, Florentin Jean Gerard, because a nonresident of this state and for this reason without right to serve as administrator, could not nominate some competent person therefor, appellant relies largely on the decisions of the California and Idaho courts, and cites, among others, the following: *Estate of Beech,* 63 Cal. 458; *In re Wise's Estate,* 175 Cal. 196, 165 Pac. 531; *Wright* v. *Merrill,* 26 Idaho 8, 140 Pac. 1101. These decisions do hold, as he contends, and would be persuasive here if paragraph 801, Revised Statutes of 1913, were still the law of Arizona, because it is almost identical in language, and entirely so in meaning, with the statutes of those states, but they are not now in point and have not been since 1928 when the legislature incorporated in section 3932 the language, "or, if otherwise entitled, is not competent to serve," and thus placed the court's right to honor the request of nonresident and resident heirs upon the same footing. The soundness of those decisions, however, in juris-

dictions in which the statutes, as do those in California and Idaho as well as in Arizona, provide the manner in which the identity of a nonresident nominator may be established, has been questioned, the reason being that this provision indicates that it was intended even there that a nomination by such a person could be given effect. Bancroft's Probate Practice, vol. 1, pp. 468, 469.

██ The only person, it appears from the sections quoted above, whose request for the appointment of another to administer an estate must be recognized by the court is the surviving husband or wife. Section 3922 makes it mandatory upon the court to honor such a request when the person nominated is competent, but 3932 provides that the court may recognize such a request when made either by one entitled or entitled but incompetent. It was, in our judgment, the purpose of the legislature to make it mandatory in the one instance and discretionary in the other, because it is hardly conceivable that it would have required the court to honor the request of all those persons falling within the five classes which section 3925 makes incompetent to serve as administrator, namely: (1) those under the age of majority, or (2) convicted of an infamous crime, or (3) not *bona fide* residents of this state and citizens of the United States, except in ancillary probate, or (4) adjudged by the court to be incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding or integrity, or (5) qualified and acting coroners. There is perhaps no very substantial reason why the request of an heir who is incompetent merely because he is a nonresident or because he is just under twenty-one years of age, should not rest on the same basis as the request of a surviving spouse, but they have been classed instead, so far as their competency is concerned, along with those who have been

convicted of an infamous crime, or those adjudged by the court to be incompetent to execute the duties of a trust because they are drunkards, improvidents or persons without understanding or integrity, and, therefore, have no better right than the latter to request the appointment of another. Whether it would have been a wise policy on the part of the legislature to have made it mandatory upon the court to appoint a person nominated by any of those mentioned in section 3925 is immaterial. It has not done so but has adopted the policy permitting the court, within its discretion, to decide when the request of either those entitled under section 3922, and competent to serve, other than one by the surviving spouse, or those entitled under that section but not competent under section 3925, should be granted, and the matter is clearly one within the province of that body to determine.

The revocation on July 28th of the letters granted Lee Acton is not involved in this appeal, for there is no assignment based on that action of the court, his notice of appeal mentioning only the denial of his amended petition.

The action of the court in denying the amended petition of Acton and granting the petition of John B. DeCamp and his nominator, Florentin Jean Gerard, is affirmed.

ROSS and LOCKWOOD, JJ., concur.