In re JOHNSON'S ESTATE.
DUNNINGTON, Adm'r, et al. v.
JOHNSON.

No. 30077.   June 17, 1941.

*114 P. 2d 469.*

Carpenter & Hadwiger, of Cherokee, for plaintiffs in error.

O. M. Bill Ginder and Hill & Hill, both of Cherokee, for defendant in error.

PER CURIAM. This is an appeal from the order of the district court remanding the cause to the county court and directing the county court to set aside its order appointing Carl S. Dunnington administrator and to appoint A. T. Bernard as said administrator.

The record discloses that Minnie Day Johnson, the wife of Lewis Johnson, died October 23, 1939, leaving a will. This will did not name an executor. On the 8th day of January, 1940, a petition to probate said will was filed, after which the court appointed Carl S. Dunnington administrator with the will annexed. The petition was signed by May Frazee, Charles Brash, James Brash, and Sadie Finder, by A. R. Carpenter as attorney for said petitioners, who are alleged to be the heirs of Minnie Johnson, deceased. On the same date letters of guardianship were issued to Carl S. Dunnington and he is now and has been the duly acting guardian of Lewis Johnson, an incompetent. On February 23, 1940, Carl S. Dunnington, as guardian, filed a consent to the appointment of himself as administrator in behalf of Lewis Johnson. On March 4, 1940, the following occurred: Lewis Johnson filed his nomination of A. T. Bernard as administrator. The petitioners filed their objection to the nomination made by Lewis Johnson. The court admitted the will to probate and ordered that letters with the will annexed be issued to Carl S. Dunnington. A bond of the administrator was filed and approved.

On the 6th day of March, 1940, Lewis Johnson gave notice of appeal. This notice was signed by Bill Ginder, his attorney. On the 9th day of March, 1940, an appeal bond was made and filed bearing the names of Lewis Johnson, Emma J. Rosenberger, and M. E. Henderson.

The appeal was heard on the 23rd day of April, 1940, after which the court remanded the proceedings to the county court with directions to vacate the order appointing Carl S. Dunnington and appoint A. T. Bernard the administrator nominated by Lewis Johnson. From this order Carl S. Dunnington, as the duly appointed guardian, and the petitioners above named have appealed.

Eight allegations of error are presented, which are argued in four propositions. It is first argued that the trial court erred in refusing to grant a continuance because of the absence of the attorney for petitioners. We are of the opinion that no discretion was abused in refusal to continue the cause because of absence of said attorney. Mr. Car-

penter had filed his application for continuance based on the assumption that it was necessary for him to attend a Methodist Conference in New Jersey. His partner was at the trial and ably presented the issues involved for his clients, and in view of the holding of this court in House v. Gragg, 170 Okla. 550, 44 P. 2d 832, and related authorities, we find no error in refusing the continuance. It is also asserted that the cause was not set for trial after being at issue as required by section 395, O. S. 1931, 12 Okla. St. Ann. § 666. In view of the holding of this court in Re Revard's Guardianship, 134 Okla. 202, 272 P. 480, we find no error in this respect.

In the next proposition the sufficiency of the appeal bond is presented. In the brief in chief it is alleged that the bond is insufficient because Lewis Johnson is without capacity to execute the bond. In the reply brief the plaintiffs in error suggest, but do not thoroughly present, the propositions that: (1) because Lewis Johnson cannot, being under guardianship, sign a bond; (2) because the bond was executed against the wishes of the guardian, it is therefore void and serves no purpose to lodge the appeal. We cannot agree with either of these arguments. It is not necessary to the validity of a bond on such appeal that it be signed by the principal. Section 1402, O. S. 1931, 58 Okla. St. Ann. § 726; see, also, Palmer v. Oakley, 2 Dougl. 433 (Mich.) 47 Am. Dec. 41.

Under section 1135, O. S. 1931, 58 Okla. St. Ann. § 122, Lewis Johnson had the right to nominate the administrator, and when the county court refused to recognize this right and appointed Carl S. Dunnington, the said Lewis Johnson had the right to appeal from the order. In re Walker, 169 Okla. 100, 36 P. 2d 10.

The third proposition is that the court erred in hearing testimony to establish the mental capacity of Lewis Johnson to nominate an administrator; and the fourth proposition deals with the right of Lewis Johnson to nominate an administrator contrary to the wishes of the guardian. The answer to these two propositions has been in a sense made by the foregoing discussion. We shall, however, cite further authority for the action of the trial court. Section 1135, supra, gives the right of nomination to the surviving spouse. In Sims v. Billings, 162 Okla. 51, 18 P. 2d 1084, and Sims' Estate, 162 Okla. 35, 18 P. 2d 1077, it was held that where one left a will and did not name the executor, the surviving spouse had the right to nominate the administrator with will annexed. Under section 1135, supra, the guardian does not have the right of nomination in the stead of the surviving spouse. The Supreme Court of Arizona, in construing a similar statute, held that a guardian did not have the right to nominate in the case of an incompetent ward. In re Graham's Estate, 27 Ariz. 167, 231 P. 918. The power conferred by statute to a surviving spouse to nominate an administrator cannot be delegated. In re Graham's Estate, supra; annotation in Re Gerard's Estate, 50 Ariz. 458, 72 P. 2d 952, at 113 A. L. R. 780 et seq. This court has held that one, incompetent and under guardianship, can make a will if capable of understanding (Hill v. Davis, 64 Okla. 253, 167 P. 465, L. R. A. 1918B, 687); and a surviving spouse has the right to nominate an administrator although incompetent under the statute because of being a nonresident (In re Cotter's Estate, 54 Cal. 215; In re Stevenson's Estate, 72 Cal. 164, 13 P. 404); and a minor, though incompetent, has the right to select a competent nominee as administrator. In re Stewart's Estate, 18 Mont. 595, 46 P. 806; annotations to Re Gerard's Estate, supra, 113 A.L.R. 782. So the argument advanced that Lewis Johnson did not have the right to nominate an administrator cannot be sustained, and on appeal from the order the trial court had the duty of examining the said Lewis Johnson to determine if he was capable of nominating an administrator, and, if so, when the trial court found this nominee was competent, it was its duty to order the appointment of such nominee. The

record substantially reflects that the extent of mental disability of the said Lewis Johnson was limited to the fact that he was confined to his bed and was hard of hearing, and that he had full possession of his mental faculties and was capable of nominating an administrator.

After a thorough consideration of all of the issues raised by plaintiffs in error in the brief and reply brief, we are convinced that the district court arrived at the correct conclusion, and the judgment is affirmed.

CORN, V. C. J., and RILEY, GIBSON, HURST, and DAVISON, JJ., concur.