166 Cal.App.4th 396 (2008)
Estate of JOHANNA A. HEATH, Deceased.
ELKE HARRINGTON, as Administrator, etc., Petitioner and Respondent,
v.
MARK J. SALADINO, as Public Administrator, etc., Objector and Appellant.
No. B201326.
Court of Appeals of California, Second District, Division Two.
August 6, 2008.
*398 Raymond G. Fortner, Jr., County Counsel, Albert D. Kelly and David F. Skjeie, Principal Deputy County Counsel, for Objector and Appellant.
No appearance for Petitioner and Respondent.

OPINION
ASHMANN-GERST, J.
Mark J. Saladino, a public administrator for the County of Los Angeles (the Public Administrator), challenges a probate court order appointing respondent Elke Harrington (Harrington) administrator of the estate of Johanna A. Heath (the decedent). The Public Administrator contends that Harrington did not "succeed" to a portion of the decedent's estate, as required by Probate Code section 8462, subdivision (a),[1] by virtue *399 of her mother's assignment of a portion of her interest in the estate to Harrington. Rather, succession occurs only by operation of law.
We agree with the Public Administrator. Accordingly, we reverse the probate court order appointing Harrington as the administrator of the decedent's estate and direct the probate court to enter a new and different order appointing the Public Administrator as the estate's administrator.

FACTUAL AND PROCEDURAL BACKGROUND
On October 15, 2006, the decedent, a resident of Baldwin Park, California, died intestate. She was survived by two sisters, Erika Muller and Elisabeth Maierhofer (Maierhofer), five nephews of two predeceased brothers, and Maierhofer's daughter, Harrington. All of the decedent's relatives, except Harrington, live in Germany. Harrington resides in Michigan.
On December 6, 2006, Harrington filed a petition for letters of administration, seeking to be appointed administrator of the decedent's estate. On February 21, 2007, the Public Administrator filed a competing petition for letters of administration. In his petition, the Public Administrator asserted that because all persons entitled to distribution from the estate reside overseas, they are disqualified from acting as administrator or from nominating an administrator. Likewise, as Harrington was not a beneficiary of the estate, she lacked priority to administer the estate. (§§ 8461, 8462.)
On April 13, 2007, Harrington filed an assignment of interest in estate. That document reflected Maierhofer's assignment of 5 percent of her interest in the decedent's estate to Harrington.
After entertaining oral argument and taking the matter under submission, the probate court rendered its ruling, granting Harrington's petition, appointing Harrington administrator of the decedent's estate, and denying the Public Administrator's petition.
The Public Administrator's timely appeal ensued.

DISCUSSION

I. Standard of review and principles regarding statutory interpretation

Statutory construction is a question of law that we review de novo. (Barner v. Leeds (2000) 24 Cal.4th 676, 683 [102 Cal.Rptr.2d 97, 13 P.3d 704].)
*400 (1) "`In construing a statute, our fundamental task is to ascertain the Legislature's intent so as to effectuate the purpose of the statute. [Citation.] We begin with the language of the statute, giving the words their usual and ordinary meaning. [Citation.] The language must be construed "in the context of the statute as a whole and the overall statutory scheme, and we give `significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose.'" [Citation.] In other words, "`we do not construe statutes in isolation, but rather read every statute "with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness." [Citation.]'" [Citation.] If the statutory terms are ambiguous, we may examine extrinsic sources, including the ostensible objects to be achieved and the legislative history. [Citation.] In such circumstances, we choose the construction that comports most closely with the Legislature's apparent intent, endeavoring to promote rather than defeat the statute's general purpose, and avoiding a construction that would lead to absurd consequences. [Citation.]' [Citation.]" (Estate of Garrett (2008) 159 Cal.App.4th 831, 836 [71 Cal.Rptr.3d 864].)

II. The probate court erred in appointing Harrington administrator of the decedent's estate

(2) When a decedent dies intestate, an administrator must be appointed to administer the estate. (§ 8460, subd. (a).) Section 8400, subdivision (a) provides that "[a] person has no power to administer the estate until the person is appointed personal representative and the appointment becomes effective. Appointment of a personal representative becomes effective when the person appointed is issued letters." (§ 8400, subd. (a).) Section 8402 defines which persons are not competent to act as personal representatives. As pertains to the instant appeal, "a person is not competent to act as personal representative . . ." if the person "is not a resident of the United States." (§ 8402, subd. (a)(4).)
(3) Section 8461 sets forth the priority of persons who are entitled to appointment as administrator. That statute provides, in relevant part: "Subject to the provisions of this article, a person in the following relation to the decedent is entitled to appointment as administrator in the following order of priority: [¶] . . . [¶] (f) Brothers and sisters. [¶] (g) Issue of brothers and sisters. [¶] . . . [¶] (p) Public administrator." (§ 8461.) Per section 8462, "a relative of the decedent . . . has priority under Section 8461 . . ." only if that "relative is entitled to succeed to all or part of the estate." (§ 8462, subd. (a).)
*401 Applying the foregoing statutes, while the decedent's sisters would have first priority, they are ineligible for appointment as administrators because they do not reside in the United States. (§§ 8402, subd. (a)(4), 8461, subd. (f).) For the same reasons, the decedent's nephews, who are the issue of her predeceased brothers, also are not competent to be appointed administrators. (§§ 8402, subd. (a)(4), 8461, subd. (g).) Harrington only has priority over the Public Administrator if she is "entitled to succeed to . . . part of the estate" via Maierhofer's assignment of 5 percent of her interest in the estate to Harrington. (§ 8462, subd. (a).)
We agree with the Public Administrator that the word "succeed" refers to a beneficiary's right to take from the estate either by will or pursuant to the statutory rules governing intestate succession. (See, e.g., Estate of Wakefield (1902) 136 Cal. 110, 112 [68 P. 499] [right to succeed to estate of decedent is derived from statute of succession]; Estate of Locke (1968) 258 Cal.App.2d 617, 620-621 [65 Cal.Rptr. 884]; Chambers v. Lamb (1921) 186 Cal. 261, 266 [199 P. 33] ["succession" is "`the acquisition of rights upon the death of another'"]; Black's Law Dict. (6th ed. 1990) p. 1431 [defining "succession" as "[t]he devolution of title to property under the law of descent and distribution"].) It follows that Harrington does not "succeed" to part of the decedent's estate via Maierhofer's assignment of 5 percent of her interest in the estate.
(4) Admittedly, many of the cases cited above and noted in the Public Administrator's opening brief rely upon statutes that defined the word "succession." (Estate of Wakefield, supra, 136 Cal. at p. 112 [Civ. Code, former § 1383; Estate of Locke, supra, 258 Cal.App.2d at p. 620 [former § 200].) The fact that the word "succession" is no longer expressly defined by statute does not alter our analysis. Former section 200, which defined succession, was replaced by current section 6400, which provides: "Any part of the estate of a decedent not effectively disposed of by will passes to the decedent's heirs as prescribed in this part." (§ 6400.) That part of the Probate Code includes sections 6400 through 6414, none of which indicates that assignees of a beneficiary's interest in an estate constitute successors as a matter of law. Given that succession to an estate is purely a matter of statutory regulation (Estate of Griswold (2001) 25 Cal.4th 904, 924 [108 Cal.Rptr.2d 165, 24 P.3d 1191]), and the statutory scheme does not provide for succession via assignment, we cannot conclude that Harrington succeeded to a portion of the decedent's estate.
*402 (5) Moreover, the Legislature is deemed to be aware of judicial decisions already in existence and to have enacted or amended a statute in light thereof. (Estate of McDill (1975) 14 Cal.3d 831, 839 [122 Cal.Rptr. 754, 537 P.2d 874].) When a statute has been construed by judicial decision, and that construction is not altered by subsequent legislation, it must be presumed that the Legislature is aware of the judicial construction and approves of it. (City of Long Beach v. Workers' Comp. Appeals Bd. (2005) 126 Cal.App.4th 298, 318-319 [23 Cal.Rptr.3d 782]; People v. Masbruch (1996) 13 Cal.4th 1001, 1007 [55 Cal.Rptr.2d 760, 920 P.2d 705].) (6) As noted above, judicial decisions have consistently held that the word "succeed" refers to the acquisition of property by operation of law, or by descent. (See, e.g., Estate of Locke, supra, 258 Cal.App.2d at p. 620.) While the various statutes regarding intestate succession have been amended, renumbered, and repealed, none has overruled the judicial decisions defining succession as set forth above. Therefore, we presume the Legislature was aware of this judicial construction and approved it. (See, e.g., People v. Harrison (1989) 48 Cal.3d 321, 329 [256 Cal.Rptr. 401, 768 P.2d 1078].)
Furthermore, allowing Harrington to prevail under these circumstances would defeat the very purpose of section 8462. As numerous courts have recognized, at least one purpose of section 8462 is to place administration of the estate in the hands of a person most likely to convert the estate property to the best advantage of those beneficially interested, and that person would be one who, because of his or her interest as distributee, is entitled, in whole or in part, to the residue after the claims of creditors have been satisfied. (Estate of Jacobs (1950) 100 Cal.App.2d 452, 454 [223 P.2d 898].) That purpose is not satisfied here. After all, at best Harrington is entitled to 5 percent of her mother's interest in the estate; and, she only received that nominal interest in a transparent attempt to circumvent the statutory rules regarding the appointment of estate administrators. Permitting her to become estate administrator under these circumstances does not comport with this purpose of section 8462.
Finally, because Maierhofer is not competent to serve as administrator, she could not appoint Harrington, whether by assigning a portion of her interest in the estate to Harrington or otherwise, to serve as the estate's administrator. (See, e.g., Estate of Wise (1917) 175 Cal. 196, 197-198 [165 P. 531]; Estate of Damskog (1991) 1 Cal.App.4th 78, 79 [1 Cal.Rptr.2d 653].)

*403 DISPOSITION
The order of the probate court is reversed with directions to enter a new and different order appointing the Public Administrator as the administrator of the decedent's estate. The Public Administrator is entitled to costs on appeal.
Boren, P. J., and Chavez, J., concurred.
NOTES
[1] All further statutory references are to the Probate Code unless otherwise indicated.