Herein is presented an appeal from the judgment of the district court of Osage County appointing S. S. Mathis administrator cum testamento annexo of the estate of Reta Smith, deceased, the same being rendered on appeal from the judgment of the county court of Osage county.
The epitomized facts are that Reta Smith died at Fairfax, March 10, 1923. She was survived by her husband, W. E. Smith who died at Fairfax on March 14, 1923. S. S. Mathis was appointed administrator of the estate of W. E. Smith, deceased. He qualified and acted as such. On September 10, 1924, in cause No. 2360, in the county court of Osage county, In re Heirship of W. E. Smith deceased, the said county court adjudged Ella Smith to be the child and sole surviving heir of W. E. Smith, deceased. On June 6, 1925, in cause No. 2808, in the county court of Osage county, In re Estate of Reta Smith, deceased, said county court rendered its judgment admitting to probate the *Page 105 
last will and testament of Reta Smith, deceased, and by the terms of said will Reta Smith bequeathed and devised her entire estate, both real and personal, to her husband, W. E. Smith, who, as stated, survived her four days.
From the order of the said county court of June 6, 1925, admitting to probate the will of Reta Smith, deceased, the plaintiffs in error, on June 15, 1925, gave notice and filed bond for appeal to the district court.
The said county court, by order, on June 6, 1925, continued the matter of appointment of an administrator with will annexed to a future date, and the matter was finally heard on June 10th, 1925, and on that date plaintiff in error Mollie Burkhart filed her petition claiming preference right of appointment, in that she was the only sister and nearest of kin of Reta Smith, deceased. She nominated Pitts Beaty. The county court found that "an emergency exists whereby the administrator should be forthwith appointed and qualified." The county court appointed Pitts Beaty, from which judgment defendants in error prosecuted the appeal to the district court, in the matter at bar, and based their contention to the right of appointment as administrator upon the ground that such right followed the property rather than the blood.
It was stipulated between counsel for the parties to the proceedings in the district court "that the issue before the court is right of appointment under the petition of Ella Rogers filed herein and the petition of Mollie Burkhart filed herein." These petitions brought forward from the county court were as to the right of appointment as administrator with will annexed.
Counsel for plaintiffs in error in the court below contended for their right of appointment, and their assignment of error was to the effect that the judgment of the district court in denying their petition and granting that of defendants in error was contrary to law.
On appeal plaintiffs in error take the position that the court below could not appoint an administrator with will annexed until matters in contest on the probate of the will had become final and all appeals thereto settled, and they cite authority that tends to support their theory, that where the court refuses to admit the will to probate, or where the will is declared to be void, the power of such an administrator ceases. Snelling's Adm'r v. Galvin (Ky.) 192 S.W. 625; Kilton v. Anderson (R.I.) 25 A. 907; Bouysson's Estate (Cal.)84 P. 460. But such was not their theory in the issue either in the county court or the district court. In the county court, after the order admitting the will to probate was made, and after they had given notice of appeal, plaintiffs in error petitioned said court to appoint their nominee, and the said court did so. In the district court the issue was there confined by stipulation above set out.
It is well settled that a change of theory on appeal will not be permitted.
The right of administration upon estates under all probate law is founded and predicated upon some interest in the estate of the deceased and subject only to the right of a testator to name his own executor.
Section 1141, Compiled Oklahoma Statutes, 1921, makes provision and designation as to the right of persons to administer upon the estates of persons dying intestate. It is worthy of note that the 7th designation is "the next of kin entitled to share in the distribution of the estate."
Section 1129, Compiled Oklahoma Statutes, 1921, provides a mandatory duty for a court admitting a will to probate to issue letters to the person named therein as executor.
There is no statutory designation of persons entitled to appointment in case of appointment of administrator with will annexed, and our statute was adopted with precedents prevailing in other states and at common law, and these prevailing precedents are to the effect that the right to such an appointment follows the property.
"In administration with the will annexed as in ordinary administration, the rule is that the right should follow the right to the property. Consequently, when there is a will, the law in general looks to the residuary legatees or the principal legatees. Thus, where other things are equal, the beneficiary having or favored by the greater interest should be preferred." 1 A. L. R. 1253; Elwes v. Elwes (1728) 2 Lee, Eccl. Rep. (Eng.) 573; Quintard v. Morgan. 4 Dem. (N.Y.) 168; Horskin v. Horel, T. U. P. Charlt. (Ga.) 69.
In the latter case it was stated:
"It is laid down that administration must be granted where the estate ought legally to go." Ognel's Case (1587), 4 Coke 51, 76 Eng. Reprint, 1005.
24 C. J. 1161 sec. 2758:
"The governing principle is that the person most beneficially interested under the will shall have the preference, and as a *Page 106 
general rule to cover the cases not specifically provided for, the person having the right to the estate ought to have the right of administration." 18 Cyc. 99; 3 Alex. on Wills, 1857; 11 R. C. L. 34, 38, 40.
"Where the whole interest became vested in persons other than the next of kin, the grant of administration in England was made so as to follow the interest, and not the next of kin." 11 R. C. L. 40.
"The right to administration with the will annexed has been held to pass to the assignee of the person entitled, or in case of such person's death, to his personal representative, and where the person entitled is a minor, administration should, it has been held, be granted to his guardian. Letters have also been granted to the attorney of the persons entitled, and a custom has been recognized in some courts to grant letters to the attorney of a foreign executor." 24 C. J. 1163.
See, also, In re Bouyssou's Estate (Cal.) 84 P. 460, to the effect that error will not be presumed and every presumption will be indulged in support of the judgment from which appeal is taken, also that proceedings for appointment of administrator and for admitting a will to probate are entirely distinct and are conducted upon different lines of procedure.
The error presented on appeal is not well founded, and the judgment of the trial court is affirmed.
BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and HEFNER. JJ., concur.
HARRISON, J. absent, not participating.