In re BEACH'S ESTATE.

WARE et al. v. BEACH et al.

No. 34842.   Feb. 26, 1952.

*241 P. 2d 390.*

F. W. Files, Pawhuska, for plaintiffs in error.

Chas. R. Gray, W. N. Palmer, and Paul A. Comstock, Pawhuska, for defendants in error.

GIBSON, J. Daisy Ware Beach was a full-blood restricted Indian of the Osage Tribe, and was married to Bernard Beach in 1933. She died May 18, 1949, and left surviving, her husband, an adopted son, her sister Gladys Naomi Ware, and four nieces and nephews. She left a will in which she bequeathed one dollar to her husband, Bernard E. Beach; one dollar to her adopted son, Theodore Eugene Hazelbaker, and all the rest and residue of her estate to her sister, Gladys Naomi Ware. She appointed Jesse J. Worten as executor. Judge Worten had departed this life prior to the commencement of probate proceedings.

Daisy Ware Beach was an incompetent person. In April, 1950, Johnnie Mohon, her guardian, filed a petition for probate of the will asking that she, the guardian, be appointed administratrix with the will annexed. Two days later Bernard Beach filed a petition for probate of the will, in which he elected to take such share of the estate as would be his, as surviving husband, under the law of succession of Oklahoma. Being

in the military service, he nominated Paul A. Comstock, his uncle, for appointment as administrator with the will annexed. After due notice a hearing was had in county court and an order was entered admitting the will to probate as a valid will and appointing Paul A. Comstock as administrator with the will annexed. Johnnie Mohon, guardian, excepted to the appointment, and appealed to the district court. There a trial was had and a judgment was rendered wherein the trial court held that the order of appointment by the county court should be sustained. A motion for new trial was overruled and this appeal followed.

No party has appealed from the order admitting the will to probate. The sole question before us is whether or not the court erred in the appointment of Paul A. Comstock as administrator with will annexed. We shall refer to the plaintiffs in error as appellants, and defendants in error as appellees.

Appellants urge that the appointment was improper for the reason that Mr. Comstock is one of the attorneys for the husband of deceased and is hostile to the will and will not seek to uphold that instrument to the end that the estate may be distributed according to the wishes of the testatrix. It is further said that the legal guardian of the residuary legatee, who was the principal beneficiary under the will, is the proper person to administer the estate; and that the husband of deceased has no right or interest in the estate unless and until he establishes that he is of Indian blood.

Appellants cite many cases defining "executor" as one named by testator to carry out the provisions of the will; and as one representing the creditors and the legatees and holding that he occupies a position of trust. 23 C. J. 1170, §387; Words and Phrases, vol. 15A, pp. 302, 303; Shufeldt v. Hughes, 55 Wash. 246, 104 P. 253; In re Guzzetta's Estate, 97 Cal. App. 169, 217 P. 2d 460. Cases are also cited in support of appellant's contention that a person

whose personal interests are so adverse to the interests of the estate and of those entitled to its distribution that both cannot be fairly represented is not a proper person to administer the estate. In re Elder's Estate, 160 Ore. 111, 83 P. 2d 477; In re Guzzetta's Estate, supra; In re Watkins' Estate, 114 Vt. 109, 41 Atl. 2d 180, 157 A.L.R. 212.

These contentions by appellants are premature. We are dealing with the appointment of an administrator.

Appellants contend that the appointment of Comstock was improper, not because he was an incompetent person but because he was one of the attorneys for the husband who stands in the position of being hostile to the will. The suggested hostility of Beach is a matter to be determined in the probate proceedings. He was not hostile in praying that the will be admitted to probate. He is the husband of deceased and is named as a legatee in the will. He will not be hostile to the estate in accepting such portion of the estate as may be given him, under law.

Tit. 58 O. S. 1951 §122 authorized the granting of letters of administration to some person therein named and sets forth the order in which they are respectively entitled to appointment.

Under this section the surviving husband, or his nominee, is the person first named in the order of persons entitled to the appointment. The sister is fifth in the specified order of persons.

Section 221 of the probate code provides that in the event of death or incompetency of the executor or administrator, the court must issue letters of administration with the will annexed in the same order as is directed in relation to original letters of administration.

If, following his appointment, the executor or administrator by his acts or conduct shall waste, embezzle, mismanage, commit fraud on the estate, or is incompetent or has neglected the estate, he is subject to having his powers to act suspended. Tit. 58 O. S. 1951 §234.

In the event of any such misconduct by the administrator the contentions urged here by appellants would become competent and relevant as would the numerous authorities cited in the briefs.

In claiming such share of the estate as he may be entitled to under the law, the husband is not asserting a claim hostile to the estate or as to other beneficiaries. If so the same contentions could be urged against the appellant who sought the appointment. The husband is one of those legally entitled to receive a portion of the estate. Under the law of succession he would receive one portion. Under the will he would receive a different portion. His bequest was one dollar. He may or may not prove himself entitled, under law, to receive more than that amount. His rights and the amount of his share in the estate must be determined during the administration proceedings.

Appellant places great reliance in Re Smith's Estate, 125 Okla. 104, 256 P. 725, wherein this court held that in administration with will annexed, as in ordinary administration, the rule is that the right should follow the property and that, where other things are equal, the beneficiary having or favored by the greater interest should be preferred in the appointment. The facts and situations of the parties are different from those in the case before us.

The situations of the parties in the instant case are not equal where the husband has the statutory preference of appointment. In the Smith case it was apparent that the successful petitioner would take the entire estate involved there. In the instant case it cannot yet be said who has the greater interest as the interests of the litigants is to be determined in subsequent proceedings.

With reference to the propriety of the appointment of Comstock the facts of this case are similar in many respects to those of the case of Appeal of Sims' Estate, 162 Okla. 35, 18 P. 2d 1077. Therein Hadwiger, appointed administrator with will annexed, on nomination by the widow, was a lawyer as is Comstock. The contest for Hadwiger's removal was by an heir and beneficiary. In the Sims case we upheld appointment of the administrator and held that the widow was entitled to a preference in the appointment and could designate some competent person to act as administrator. The same rule was announced in Re Walker's Estate, 169 Okla. 100, 36 P. 2d 10.

The Sims case was cited with approval in Continental Oil Co. v. Helms, 187 Okla. 633, 105 P. 2d 214, where this court again held that the widow had a preference in the appointment as administratrix with the will annexed and upon her resignation she could nominate a competent person for appointment.

In the case In re Johnson's Estate, 189 Okla. 157, 114 P. 2d 469, the county court appointed a guardian of deceased's husband as administrator with will annexed in face of the nomination of another person by the husband. That order was vacated by the district court on appeal, and the county court was directed to appoint the husband's nominee. This court upheld the judgment of the district court, and again held that under the statute the right of nomination went to the surviving spouse, and when the nominee was found to be a competent person it was the duty of the court to appoint the nominee of the surviving spouse.

Since the right to the appointment is the only question before us, we hold that under authority of the foregoing cases the judgment of the trial court must be affirmed.

Appellants say that Bernard Beach, the husband of deceased, has no right or interest in the estate unless and until he establishes that he is of Indian blood. This argument is predicated on sec. 7 of an Act of Congress approved February 27, 1925 (43 Stat. L. p. 1008, c. 359), as follows:

"Hereafter none but heirs of Indian blood shall inherit from those who are of one-half or more Indian blood of the Osage Tribe of Indians any right, title, or interest to any restricted lands, moneys, or mineral interests of the Osage Tribe: Provided, That this section shall not apply to spouses under existing marriages."

In the trial appellee testified that he was of Indian blood. On motion of appellants the answer was stricken. On this record we cannot assume that he is or is not of Indian blood. That issue is not before us.

Here again appellants are urging a contention as to the quantum of the estate that may be inherited by the husband. We are not concerned with that issue in deciding the husband's right to appointment as administrator with will annexed. The question as to the quantum of his interest is for future determination. The above-cited Federal statute is in no wise in conflict with the Oklahoma statute designating the one entitled to the appointment.

"In a proceeding to probate a will, the court cannot construe or interpret the will or distinguish between valid and void dispositions. If the will is legally executed and proved, and not successfully attacked for want of testamentary capacity, undue influence, fraud, or duress, it must be admitted to probate." Fisher v. Gear, Ex'r, 196 Okla. 18, 162 P. 2d 182.

We hold that there was no error in the judgment of the district court affirming the action of the county court in appointing the nominee of the husband of deceased as administrator with will annexed.

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, and BINGAMAN, JJ., concur. O'NEAL, J., dissents.