Betty SPARKS, Petitioner,

v.

The Honorable Charles E. STEELE, Associate District Judge of Okmulgee County, Judicial District No. 24, Respondent.

No. 45860.

Supreme Court of Oklahoma.

Sept. 26, 1972.

Ernest W. Smith, Henryetta, for petitioner.

Stipe, Gossett & Stipe, McAlester, Bailey, Ash & Romine by Edwin W. Ash, Okmulgee, for respondent.

LAVENDER, Justice.

In this original proceeding, the petitioner, Betty Sparks, as the guardian of the person and estate of Sherri Lynn Sparks, a minor and only child of Johnny Lee Sparks, deceased, asks this court to assume jurisdiction, and to prohibit the respondent, Charles E. Steele, as Associate District Judge of Okmulgee County, Oklahoma, from proceeding further in the administration of the estate of Johnny Lee Sparks, deceased, with Raymond Sparks, father of

the decedent, as the administrator, and commanding him to vacate the appointment of Raymond Sparks as administrator of the estate and appoint her as administratrix. We assume jurisdiction, and, for the reasons set forth herein, grant the relief sought by the petitioner.

Johnny Lee Sparks died, intestate, in and while a resident of Okmulgee County, Oklahoma, on March 16, 1972, as the result of injuries sustained when a car he was driving was struck by a Frisco train in Henryetta in that county. He was survived by one child, Sherri Lynn Sparks, then five years of age, and his mother and father. He had been divorced from the child's mother, on October 23, 1970, and, as a result of the decree, the child had been, and then was, living with her mother, the petitioner herein, at 1023 East 63rd Street, in Tulsa, Oklahoma. Since the divorce, he had been living with his parents near Henryetta, in Okmulgee County.

On May 18, 1972, the father filed in the District Court of Okmulgee County, his application for appointment as administrator of the estate, stating that the estate consisted of a claim for wrongful death against the railroad and an individual, and that the heirs at law were Sherri Lynn Sparks, daughter, 5½ years of age, whose residence was 1023 East 63rd Street, Tulsa, Oklahoma, and Raymond Sparks, father, and Alice Sparks, mother, both residing on Route 3, Henryetta, Oklahoma.

On the same day, the respondent judge found that the applicant was the father of the decedent and should be appointed administrator "instanter," Raymond Sparks executed the prescribed oath as administrator, and letters of administration were issued to Raymond Sparks by the respondent judge.

On June 9, 1972, within thirty days after the appointment of Raymond Sparks as administrator, Betty Sparks, as guardian of Sherri Lynn Sparks, the minor daughter of the decedent, filed in the same cause her petition contesting the appointment of Raymond Sparks, theretofore made, and asking

that she be appointed as administratrix. A certified copy, attached to that petition, shows that she had executed the prescribed oath, and that letters of guardianship, as guardian of the person and estate of Sherri Lynn Sparks, a minor, had been issued to her by the District Court of Tulsa County, Oklahoma, on June 2, 1972.

A certified copy of an order attached to her petition in this court shows that her above-mentioned petition came on for hearing before the respondent judge, on June 20, 1972, with her appearing in person and by attorney and Raymond Sparks, who had theretofore been appointed as administrator, appearing in person and by counsel; that the court heard the testimony of witnesses, examined the records and exhibits introduced in evidence, found that her petition and contest should be denied, and ordered that Raymond Sparks continue as administrator and that the petition of Betty Sparks for appointment as administratrix be denied.

Raymond Sparks, Administrator of the Estate of Johnny Lee Sparks, Deceased, commenced an action in the District Court of Creek County, Oklahoma, against the St. Louis & San Francisco Railroad Corporation and Marion M. McPherson as engineer of the train involved in the collision with the decedent's car, for damages arising out of his injuries and death. A first cause of action, for the benefit of the estate and all of the heirs of the decedent (listed therein as the father, mother and minor daughter), prays for $100,000.00 for decedent's conscious pain and suffering, hospital and doctor bills of $40.00, funeral bill of $1,636.50, and $239.00 for a monument. A second cause of action, for the express benefit of the father and mother, alleges pecuniary loss to them, and prays for judgment, in the amount of $47,388.00. A third cause of action, for the express benefit of the minor daughter, alleges pecuniary loss to her of $200.00 per month during her minority, and prays for judgment in the amount of $30,000.00.

The petitioner alleges in this court in substance and effect, that, in denying her

petition for appointment as administratrix, filed in conformity with 58 O.S.1971 § 129, within thirty days after the appointment of Raymond Sparks as administrator, the respondent judge assumed judicial power not granted by law; and that her remedy by appeal to this court from that order is not equally adequate with the relief sought herein because, in the absence of the order prayed for herein, the damage action would be tried, or settled, without due consideration for the rights and interests of her ward, a minor and sole heir-at-law of the decedent, before such an appeal could be determined by this court.

58 O.S.1971 § 122 provides:

"Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, and they are respectively entitled thereto in the following order:

"1. The surviving husband or wife, or some competent person whom he or she may request to have appointed.

"2. The children.

"3. The father or mother.

"4. The brothers or sisters.

"5. The grandchildren.

"6. The next of kin entitled to share in the distribution of the estate.

"7. The creditors.

"8. Any person legally competent.

"If the decedent was a member of a partnership at the time of his decease, the surviving partner must in no case be appointed administrator of his estate."

58 O.S.1971 § 126 provides, in part:

"No person is competent to serve as administrator or administrarix, who, when appointed, is:

"1. Under the age of majority.

" * * * *"

58 O.S.1971 § 125 provides:

"If any person entitled to administration is a minor, letters must be granted to his or her guardian, or any other person entitled to letters of administration, in the discretion of the court."

58 O.S.1971 § 127 prescribes the requisites of a petition for letters of administration, and 58 O.S.1971 § 128 prescribes the notice to be given of a hearing on such a petition. Section 128 concludes with a proviso that: "if the petition asks for the appointment of some person entitled under the law to appointment, and there shall accompany such petition a waiver of all persons having a prior right to appointment or if the applicant has a prior right of appointment, then no notice shall be given and the court shall proceed without delay to hear such petition."

58 O.S.1971 §§ 129 and 130 provide, respectively:

"Any person interested may contest the petition by filing written opposition thereto, on the ground of the incompetency of the applicant, or may, *at any time within thirty (30) days after an administrator has been appointed*, assert his own rights to the administration and pray that letters be issued to himself. In the latter case the contestant must file his petition [asserting his own rights to the administration] in the court. The court thereof shall set a day for hearing the same and the contestant shall give written notice by mail, postage prepaid, to the known heirs and the original petitioner *or administrator, if the appointment has been made*, of said contest, and the time and place set for hearing the same, at least five (5) days before said hearing." (Emphasis supplied)

"On the hearing, it being first proved that notice has been given as herein required, the court must hear the allegations and proofs of the parties, and order the issuing of letters of administration *to the party best entitled thereto*." (Emphasis supplied)

■ Insofar as the language of Sections 129 and 130 is concerned, any person claiming a right to appointment as administrator and that his right to appointment is higher in priority to that of the person theretofore appointed as administrator, may, at any time within thirty days after

the appointment of such other person, file a petition asserting such rights and praying for his own appointment, and, if such priority be established at a hearing on such petition, is entitled to the appointment regardless of the validity, or invalidity, of such prior appointment. Those statutes need no interpretation.

Consequently, we deem it unnecessary to consider the matter of lack of notice to the minor child of the hearing on the petition of the decedent's father for appointment, raised by the petitioner herein.

■ The guardian of a minor is not mentioned in any of the priority-classes set forth in Section 122, but, for the purpose of his own appointment as administrator, the guardian of a minor, by virtue of Section 125, stands in the place of the minor, with the same priority that the minor would have if an adult. See: In re Enochs' Estates (1958), Okl., 322 P.2d 197, 200, 213; In re Copperfield's Estate (1932), 158 Okl. 40, 12 P.2d 490, 492, 493; Gaffney, Administrator v. McQueen (1970), Okl., 482 P.2d 597, 601. Also, see: In re Atkins' Estate (1931), 151 Okl. 294, 3 P.2d 682.

■ The right to appointment as administrator is a matter of statutory law, so appointment of the applicant best entitled to appointment under Section 122, if competent to serve as such, is *mandatory*, not discretionary with the court. In re Enochs' Estates, supra.

Smith et al. v. Gould (1967), Okl., 434 P.2d 176, cited by the respondent judge herein, is not in point for the reason that a proceeding under the post-appointment provisions of Section 129 was not involved. In that case, the guardian's petition for appointment as administrator was not filed until seventy days after an administrator had been appointed. Insofar as the language of Section 130 and that portion of Section 129 is concerned, an applicant having a right to appointment, prior to that of the person theretofore appointed as administrator, is not required to allege, or to show, incompetency of the administrator or his mismanagement of the estate. The

only question for determination is which one is "best entitled" to the appointment under the provisions of Section 122 (and Section 125, when applicable).

■ The respondent relies upon the language "in the discretion of the court," contained in Section 125, as giving the court a discretion as between the guardian of a minor entitled to appointment and a person in a lower priority classification. In harmony with this court's prior decisions concerning the standing of the guardian of a minor, with respect to his own right to appointment as administrator, we hold that the provision in question was intended only to negate any idea that the provision, in Section 125, that letters "must" be granted to the guardian of a minor entitled to appointment gives such a guardian a preference over others in the same priority-classification as the minor, which the minor, under Section 124, would not have if an adult. Section 124 provides, in part: "When there are several persons equally entitled to the administration, the court may grant letters to one or more of them; * * *."

■ In the present case, it was the mandatory duty of the respondent judge, under the provisions of 58 O.S.1971 §§ 129 and 130, to appoint the guardian of the minor child of the decedent as administratrix of his estate, even though that would require the removal of the decedent's father as administrator.

■ Insofar as adequacy of another available remedy is concerned, we think that the situation in mandamus is essentially the same as in prohibition when the inferior court or tribunal assumes to exercise judicial power not granted by law. The availability of another remedy does not prevent the granting of prohibition if the other remedy is not *equally* adequate. See: Frensley et al. v. Frensley (1935), 173 Okl. 321, 49 P.2d 731; Harris Foundation, Inc., et al. v. District Court of Pottawatomie County et al. (1945), 196 Okl. 222, 163 P.2d 976; State of Oklahoma ex rel. Williamson, Attorney General, et al. v.

Longmire, Judge (1955), Okl., 281 P.2d 949, 956.

The petitioner in the present case, being entitled, by law, to be appointed as administrator of the estate of the decedent, is entitled, by law, to bring and prosecute any action for his conscious pain and suffering, medical bills and burial expenses, and for wrongful death of the decedent. In the particular circumstances in this case, an appeal to this court from the order denying her appointment would not be an adequate remedy.

The respondent, Charles E. Steele, Associate District Judge of Okmulgee County, Oklahoma, is ordered to vacate the order of June 20, 1972, hereinabove mentioned, and to enter an order revoking the letters of administration issued to Raymond Sparks and appointing Betty Sparks (the petitioner herein) as administratrix of the estate of Johnny Lee Sparks, deceased.

BERRY, C. J., and WILLIAMS, JACKSON, IRWIN, HODGES and BARNES, JJ., concur.