In the Matter of the ESTATE of Fritz FRANZ, Deceased.

Patty Ann GOFF and Jacklynn B. Steffen, Appellants,

v.

Albert SCHARNHORST, Appellee.

No. 52051.

Court of Appeals of Oklahoma, Division No. 1.

June 26, 1979.

Rehearing Denied Aug. 14, 1979.

Released for Publication by Order of Court of Appeals March 5, 1981.

Rodgers, Rodgers & Boyd by D. W. Boyd, Blackwell, for appellants.

Ellis W. Eddy and J. C. Drennan, Medford, for appellee.

BOX, Judge:

An appeal by Patty Ann Goff and Jacklynn B. Steffen from an order of the district court in the matter of the estate of Fritz Franz. The appellants petitioned for letters of administration in accordance with 58 O.S.1971, §§ 221 and 127. Albert Scharnhorst, the appellee, opposed the appellants' appointment and filed his own petition for letters pursuant to 58 O.S.1971

§ 129. The district court appointed Albert Scharnhorst administrator, and the appellants have brought this interlocutory appeal under 58 O.S.1971, § 721(1).

Fritz Franz (decedent) and his wife, Eva Gertrude Franz, were residents of Grant County, Oklahoma. On December 11, 1977, they were involved in an automobile accident. Mr. Franz died that day; Mrs. Franz died five days later, on the 16th. Both died intestate. On January 3, 1978, Roberta Morris was appointed administratrix of Mr. Franz's estate. On January 5, 1978, the appellants were appointed co-administratrices of the estate of Mrs. Franz. Then on February 12, 1978, Roberta Morris died, and this contest for letters of administration in Mr. Franz's estate ensued.

Mr. Franz was survived by Mrs. Franz, a nephew, Albert Scharnhorst, and two nieces, Roberta Morris and Emma Charter. He left no issue, parents, brothers, or sisters. Mrs. Franz was survived by two brothers and several children of deceased brothers and sisters, including the appellants, who are sisters. She left no issue or parents. To help in visualizing the distribution of heirs, we have sketched a description of the survivors in this case and other important cases in the Appendix; the description of the essential members of the families of Fritz and Eva Franz appears as Figure 1.

■ To reverse the order of appointment, the appellants raise several contentions. They first argue that the district court was under a statutorily mandated duty to issue letters of administration to the party best entitled thereto. We must agree. 58 O.S. 1971, § 130 provides:

On the hearing, it being first proved that notice has been given as herein required, the court must hear the allegations and proofs of the parties, and order the issuing of letters of administration to the party best entitled thereto.

This section was held to be mandatory in *In re Rouse's Estate (Burker v. Rouse)*, 176 P. 954, 955.

Between various classes of individuals, who is "best entitled" to letters of adminis-

tration is determined by 58 O.S.1971, § 122, which sets priorities as follows:

Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, and they are respectively entitled thereto in the following order:

1. The surviving husband or wife, or some competent person whom he or she may request to have appointed.
2. The children.
3. The father or mother.
4. The brothers or sisters.
5. The grandchildren.
6. The next of kin entitled to share in the distribution of the estate.
7. The creditors.
8. Any person legally competent.

If the decedent was a member of a partnership at the time of his decease, the surviving partner must in no case be appointed administrator of his estate.

In *Sparks v. Steele*, 501 P.2d 1106, the Supreme Court held that an individual with statutory priority is deemed "best entitled," and sections 122 and 130 make his or her appointment mandatory. *Id.* at 1110. It is only "where there are two or more persons equally entitled under the statute" that the district court has discretion in the appointment. *In re Enochs' Estates*, 322 P.2d 197, 200.

The primary issue before us, then, is which of the parties is "best entitled" to be appointed. Both sides point out that none of the parties are entitled to a statutory preference. The appellants argue that both sides are claiming the right to administration under section 122(6) as "[t]he next of kin entitled to share in the distribution of the estate." However, the appellants also contend that under the applicable Oklahoma law the appellee is not entitled to share in the distribution and that the right to administration must therefore follow the property to the appellants. The appellee argues that both parties come under section 122(8) as "person[s] legally competent," but also argues that he will share in the distribution. We are loathe to rule on the issue of the proper distribution of the assets of Fritz Franz's estate in advance of the trial court, but if we are to resolve the conflict before us we find that we must.

Intestate succession in Oklahoma is governed by 84 O.S.1971, § 213. The parties make their claims under different subsections, and it will be most convenient to set out here those portions of the statute that will be used in this opinion:

When any person having title to any estate not otherwise limited by marriage contract, dies without disposing of the estate by will, it descends and must be distributed in the following manner:

. . . .

Second. If the decedent leave no issue, the estate goes one-half to the surviving husband or wife, and the remaining one-half to the decedent's father or mother, or, if he leave both father and mother, to them in equal shares; but if there be no father or mother, then said remaining one-half goes, in equal shares, to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation. If decedent leave no issue, nor husband nor wife, the estate must go to the father or mother, or if he leave both father and mother, to them in equal shares: *Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of the said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation.* [Emphasis added.]

Third. If there be no issue, nor husband nor wife, nor father, nor mother, then in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation; if the deceased, being a minor, leave no issue, the estate must go to the parents equally, if living together, if not living together, to the parent having had the care of said deceased minor.

. . . .

Fifth. If the decedent leave a surviving husband or wife, and no issue, and no father, nor mother, nor brother, nor sister, the whole estate goes to the surviving husband or wife.

Sixth. If the decedent leave no issue, nor husband, nor wife, and no father or mother, or brother, or sister, the estate must go to the next of kin in equal degree, excepting that when there are two or more collateral kindred, in equal degree, but claiming through different ancestors, those who claimed through the nearest ancestors must be preferred to those claiming through an ancestor more remote.

. . . .

■ It is well settled that the first sentence of section 213 relates to and qualifies the entire section, thus requiring title to the assets in question to be vested in the decedent. For the proviso in the second subsection to apply, title must be vested in the first spouse to die. *E. g., Essex v. Washington*, 176 P.2d 476, 479. We presume that Mr. Franz held title to the property in his estate; since he predeceased Mrs. Franz, no problem is presented here with title.

■ The appellants assert that descent in this case must be cast under section 213 (Fifth), since Mr. Franz left a surviving spouse but no issue, father, mother, brother, or sister. They would then share in the distribution through the estate of Mrs. Franz under section 213 (Third), since she left brothers, nieces, and nephews but no issue, spouse, father, or mother. The appellee, however, contends that the proviso in the last sentence of section 213 (Second) controls at least some of the descent for the reason that much of the property involved was acquired by joint industry during coverture, there are no issue, and Mrs. Franz died without disposing of any property. Since Mr. and Mrs. Franz were married in 1961, it seems safe to assume that there is at least a fair amount of jointly-acquired property. And since the proviso begins, "Provided, that in *all* cases . . ." (emphasis added), it, like section 213 (Fifth), also

seems to apply. Whichever subsection applies to the jointly-acquired property, there seems to be no disagreement that the property owned separately by Mr. Franz will pass to the heirs of Mrs. Franz exclusively under sections 213 (Fifth) and 213 (Third).

The first time our Supreme Court had to choose between section 213 (Second) and another subsection was in 1916 in *Hughes v. Bell*, 55 Okl. 555, 155 P. 604 (per curiam). There the decedent was survived by his wife and two nephews, but no issue, parents, or siblings. See Appendix, Figure 2. The action was one to quiet title, and the Court was faced squarely, as we are, with the issue of whether section 213 (Second) or 213 (Fifth) applied. The Court held that section 213 (Fifth) controlled. The Court noted that our section 213 was derived from the California intestate succession statute, and it specifically followed an early California case, *Ingram's Estate v. Clough*, 78 Cal. 586, 21 P. 435 (1889). See Appendix, Figure 3. We quote the Supreme Court in *Hughes v. Bell*, 55 Okl. 555, 155 P. at 605–06:

Therefore there is only one question involved in this appeal, which is a construction of said subsections 2 and 5 of the laws of descent of this state. . . . We are unable to agree with plaintiffs that the descent in this case is cast by said subsection 2, or that there is a conflict in said subsections above quoted. If, however, it be admitted that they are in conflict, *subsection 5 must be regarded as controlling*, under the well-settled canon of statutory construction that a later provision, being the last expression of the legislative intention, must prevail.

. . . .

[Quoting from *Ingram's Estate v. Clough*:] "It is entirely beyond doubt that the whole of the estate should have been distributed to the surviving husband. Paragraph 5 of section 1386 of the Civil Code is too clear to present any difficulty of construction whatever. It is as follows: 'If the decedent leave a surviving husband or wife, and neither issue, father, mother, brother, nor sister, the whole estate goes to the surviving hus-

band or wife.' Paragraph 2 of said section refers to the case where there is a surviving brother or sister, and provides that in such case, if there be also children of the deceased brother or sister, they shall take their parents' share by right of representation. It is vain to argue against the injustice of the rule, or to contend that in a case like the one at bar the children of a deceased sister ought to have a share in the estate when there is not any surviving brother or sister, as well as when there is. Succession to estates is purely a matter of statutory regulation, which cannot be changed by courts.

...."

....

It is earnestly argued by plaintiffs that to uphold the rule of descent as held by the trial court necessarily works great injustice, as to which we express no opinion. Whether it does or not work injustice cannot be considered by us, as the duty of this court is to construe legislative acts, and not to make them. If the hardship exists as claimed by plaintiffs, the remedy is with the Legislature.

*In order to have cast the descent to any part of said land in the nephews of the deceased, under said subsection 2, it was necessary that there be living at the time of the death of decedent a brother or sister*, which is not the case in the instant case. In this case, decedent died, leaving a surviving wife, but no issue, nor father, nor mother, nor brother, nor sister. Consequently the whole estate descended to the surviving wife. That it was the intention of the Legislature to exclude from inheritance the issue of deceased brothers and sisters, where there was no living brother or sister of decedent at the time of his death, is strongly supported by subsection 4 of [now section 213], which reads:

"If the decedent leave no issue nor husband nor wife, nor father and no brother or sister is living at the time of his death, the estate goes to his mother, to the exclusion of the issue, if any, of deceased brothers or sisters." [Emphasis added.]

In both *Hughes v. Bell* and *Ingram's Estate v. Clough*, all of the property was given to the surviving spouse and was not subject to being shared by the heirs of both spouses on the death of the surviving spouse. Under these cases, section 213 (Fifth) would control the descent in the case before us to the exclusion of section 213 (Second) and its proviso.

The Supreme Court next faced a conflict between section 213 (Second) and another subsection in 1939 in *In re Frary's Estate*, 186 Okl. 126, 96 P.2d 526. In that case the wife died first, survived by her husband and four children by a former marriage. The decedent, the husband, died survived by three sisters and two nieces, the daughters of a deceased brother. See Appendix, Figure 4. The heirs of the wife claimed one half of the jointly-acquired property under the proviso in section 213 (Second), and the heirs of the decedent claimed all of the property under section 213 (Third). The Supreme Court gave all to the heirs of the decedent, holding that section 213 (Third) controls and basing its opinion on two propositions. The first was that title was not in the first spouse to die, a problem which does not concern us in this appeal. But the second was that the proviso in section 213 (Second) only applies to the first sentence of section 213 (Second), so the case is important to the issue now before this Court. We quote from 186 Okl. 126, 96 P.2d at 529–30:

After the opening sentence of [Section 213] follow nine subdivisions. The first subdivision deals entirely with estates where the decedent leaves issue or direct descendants. *The first sentence of subdivision two, provides for cases where the decedent leaves no issue, but leaves a surviving husband or wife, and a father or mother, or both father and mother, and also provides for cases where there is a surviving husband or wife, and no mother or father.* In any of such cases the surviving husband or wife takes one-half of the estate. The next sentence provides for cases where decedent leaves

no issue, nor husband or wife, but leaves a father or mother, or both father and mother. Then follows the proviso in question.

The general rule of construction appears to be that a proviso which is a limitation of a preceding general provision will be held to affect or limit the immediate clause or general statement, unless it clearly appears from the whole sentence preceding such proviso that it was the intention of the proviso to refer to the whole general provision. A proviso either imposes a condition or is itself a limitation. *In re Bovier's Estate*, 52 Utah 280, 172 P. 683.

The proviso here in question is clearly not intended to limit or affect the clause immediately preceding it, for that clause applies only to cases where there is no issue nor surviving husband or wife. It cannot be construed as limiting or affecting any part of the first subdivision of [section 213], for as stated, that subdivision applies to cases where the decedent leaves a child, children or issue of deceased child or children. To apply the proviso to that subdivision, where the property has been acquired by the joint efforts of the husband and wife, would be to exclude entirely the children of decedent and their children from participating in the distribution of the estate.

"The true office of a proviso is to restrict the sense or make clear that which has gone before."

"A proviso can have no existence separate and apart from the provision it is designed to limit or qualify. It should be confined to what precedes it, unless it clearly appears to have been intended to apply to some other matter." 50 C.J. 835.

Under the above rules *the proviso in question must be construed to apply to, limit or affect only the first sentence of subdivision two* of [section 213]. That is, it applies where there is no issue, and there is a surviving husband or wife. In such case, and such case only does the jointly acquired property go to the surviving husband or wife under the proviso. The proviso is clearly not intended to

apply where there is no surviving husband or wife. *It is likewise clearly not intended to limit, qualify or affect that which is found thereafter in subdivision three* of [section 213], which is clearly applicable in the instant case. . . .

. . . .

The third subdivision of [section 213] is applicable to the facts in this case. *Devolution of the estate comes squarely within its provision and is controlling to the exclusion of any of the provisions of subdivision two. . . . [Emphasis added.]*

■ Under this case, the proviso in section 213 (Second) would not apply in the case before us because the first sentence of section 213 (Second)—the only part of section 213 affected by the proviso—does not apply.

In 1947 the Supreme Court decided a case that illustrates the operation of the proviso in section 213 (Second): *In re Griffin's Estate (Griffin v. Dohner)*, 199 Okl. 676, 189 P.2d 933. There the wife died first, survived by her husband, her mother, and her sister. The husband died later, survived by six brothers and sisters. See Appendix, Figure 5. From this case we see that when title to jointly-acquired property is in the first spouse to die, there are no issue, and the first spouse to die has an heir or heirs of the class provided for in the first sentence of section 213 (Second)—parents or siblings—upon the death of the surviving spouse the property remaining goes one-half to the heirs of each spouse. As we have pointed out, in the instant case Mr. Franz left no surviving parent or sibling.

We come at last to a 1954 case cited to us by the appellee, *In re Felgar's Estate (Retschlag v. Smalley)*, 272 P.2d 453. In that case, the husband was the first spouse to die, and he was survived by his wife and one other heir, an aunt. The wife later died intestate. She was survived by two first cousins, both of whom died before her estate was settled, and four first cousins once removed, the children of two predeceased first cousins, which the parties and the Court referred to as "second cousins."

For convenience we too will refer to them as "second cousins." See Appendix, Figure 6. The property involved in the appeal was held in the husband's name and was acquired by joint industry during coverture. A close examination of the result in the case is necessary.

The contest in *In re Felgar's Estate* arose when the administrator of the wife's estate filed in the county court a Final Report and Petition for Distribution, requesting that the property be distributed one-half to Della Rohrbough, the aunt of the husband, and one-fourth each to the estates of the two first cousins who had survived the wife. The second cousins objected, but in its Order Allowing Final Account and Decree of Distribution the county court did as the administrator requested. The second cousins appealed to the district court, which ordered the same distribution as the county court. The second cousins then appealed to the Supreme Court. The Supreme Court held that the first cousins took to the exclusion of the second cousins, but our concern is with the Court's treatment of the distribution of one half to the husband's aunt. In their brief the second cousins, the plaintiffs in error, did not complain of the distribution to the aunt. In her brief the aunt sided with the first cousins and urged that the decree should be affirmed. But in his brief the administrator for the wife's estate argued (contrary to his position in the county and district courts) that the heirs of the wife should take the entire estate. On appeal the Supreme Court affirmed the decree, making only a scant reference to the distribution to the husband's aunt and primarily addressing the question of the contest between the first and second cousins.

The appellee herein refers us to the following language in the body of the opinion, at 454–55:

> Subd. 5 of Section 213 of Title 84 O.S. 1951, provides that if the decedent leave a surviving husband or wife, and no issue, and no father, nor mother, nor brother, nor sister, the whole estate goes to the surviving husband or wife. Under the foregoing statute the whole of the estate

of J. H. Felgar, deceased, went to Etta J. Felgar, his wife. *Hughes v. Bell*, 55 Okl. 555, 155 P. 604.

> Subd. 5, however, does not apply in the event the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, for in such case the whole estate goes to the survivor at whose death, if any of said property remains, one-half thereof goes to the heirs of the husband and one-half to the heirs of the wife, as set forth in the proviso of Title 84 O.S.1951 § 213, Subd. 2.

This is the only language in the opinion that can be considered dispositive of the issue of the distribution to the husband's aunt. We have three problems with this language. First, it seems to distinguish *Hughes v. Bell* on the ground that *Hughes v. Bell* did not deal with property acquired by joint industry during coverture. But there is nothing in the *Hughes v. Bell* opinion to indicate that the Supreme Court then considered the property, an allotment from the Muskogee (Creek) Tribe, to be anything but property acquired by joint industry. To the contrary, if the Court in *Hughes v. Bell* had not considered the property to be jointly-acquired and made its decision on that basis, then it seems more likely that the Court would have disposed of the case by saying that the allotment was separate property and that the proviso in section 213 (Second) did not apply, rather than going through a detailed analysis of the statute. Second, by the language quoted above it appears that the Court was holding that section 213 (Fifth) applied, but that the proviso in section 213 (Second) nevertheless limits section 213 (Fifth). This would be contrary to *Hughes v. Bell*, which held specifically that section 213 (Fifth) controls over section 213 (Second), and would also be contrary to *In re Frary's Estate*, which held that the proviso applies only to the first sentence of section 213 (Second). Yet neither of these cases was overruled by *In re Felgar's Estate*. In fact, the record in *In re Felgar's Estate* shows that *In re Frary's Estate* was not cited to the Court, and the Court's opinion does not cite the case. So even if

the holding in *Hughes v. Bell* was affected by *In re Felgar's Estate,* the holding in *In re Frary's Estate* was not, or at least was not directly. Our third problem with this language is that in the first paragraph quoted above the Court said that the whole of the estate went to the wife under section 213 (Fifth). Then in the next paragraph the Court said that section 213 (Fifth) did not apply and cited the proviso in section 213 (Second). It seems to us that section 213 (Fifth) either applies or it does not, and likewise for section 213 (Second). Further, using section 213 (Second) in that part of the opinion appears inconsistent with language appearing later in the opinion, which we quote below.

We find this language in the opinion in *In re Felgar's Estate,* at 455–56:

Under Title 84 O.S.1951 § 213, we find nine classifications of persons who, under various situations, are persons to whom property of an intestate descends.

Counsel for the respective parties cite *In re Griffin's Estate (Griffin v. Dohner),* 199 Okl. 676, 189 P.2d 933, 934, as sustaining their respective positions. In that case it was held:

"Under the proviso to 84 O.S.1941 § 213(2) the surviving spouse inherits the whole estate and in property acquired by the joint industry of husband and wife during coverture the title to which is vested in the spouse dying first and without issue, and on the death of the survivor without issue and without having disposed of such property by will or otherwise, such property descends from the survivor to the classes named in said proviso, the heirs of each spouse succeeding in equal parts to the title of the last survivor."

Subd. 2 of Section 213 of Title 84 O.S. 1951, was there declared to be applicable for the reason that the property was acquired by the joint industry of husband and wife during coverture, and that *there were heirs of both husband and wife of the class designated in Subd. 2 as having an inheritable interest,* to wit: a mother of the deceased wife and brothers and sisters of the deceased's husband.

*In the case at hand, as we have seen, there are no heirs of the class referred to in Subd. 2,* to whom the property goes and therefore the descent must be cast under the provisions of Subd. 6 of Section 213 of Title 84 O.S.1951 .... [Emphasis added.]

Here the Court held that section 213 (Second) did not apply because there were no heirs of the class designated in section 213 (Second)—parents or siblings—yet we have seen above that the Court wrote that section 213 (Second) *did* apply. It would appear that the reason for rejecting section 213 (Second) in the estate of the wife should also have led the Court to reject it for the estate of the husband, because he too died without leaving a parent or sibling.

It seems from the structure of section 213 that different fact situations should trigger the operation of different subsections, and that only one subsection (or sentence thereof) should apply to one decedent's estate. Also, the pattern of section 213 seems to be to exclude the heirs of the first spouse to die more distant than parents and siblings. See section 213 (Fourth), section 213 (Fifth), and the quote from *Hughes v. Bell, supra.* And we note the anomaly that under the rule of *In re Felgar's Estate* the heirs of the surviving spouse would ultimately take all of the separate property of the first spouse to die, but would only take one half of the property the surviving spouse helped to accumulate. Note, *Succession: Descent of Jointly Acquired Property,* 9 Okla.L.Rev. 92, 95 (1956). In this case we are faced with diametrically opposed interpretations of the intestate succession statute: that of *Hughes v. Bell* and *In re Frary's Estate* and that of *In re Felgar's Estate. In re Felgar's Estate* was a split decision, with the opinion by Justice O'Neal, concurred in by Justices Johnson, Welch, Corn, and Davison. In order to try to better understand it, we have examined the record from the State Archives. This Court cannot, of course, overrule a Supreme Court decision. But in the instant case we choose to follow the

Supreme Court cases of *Hughes v. Bell* and *In re Frary's Estate.*

██ Under those cases the only persons who will be entitled to share in the distribution of the assets of the estate of Fritz Franz, separate or jointly-acquired, are the heirs of Eva Gardner Franz. Thus the appellants must be appointed to administer the estate and the appellee must be excluded. *Sparks v. Steele, supra; In re Smith's Estate (Beaty v. Rogers)*, 125 Okl. 104, 256 P. 725. In their brief the appellants have made other arguments for reversal, but with our disposition of this case there is no need to discuss them.

The order appointing Albert Scharnhorst administrator of the estate of Fritz Franz is reversed, and the cause is remanded to the district court with directions to proceed in accordance with the views expressed in this opinion.

**REVERSED AND REMANDED WITH DIRECTIONS.**

ROMANG, P. J., and REYNOLDS, J., concur.

## APPENDIX

LEGEND:

[D] Decedent whose probate the case involves

⊗ Individual(s) who predeceased the decedent

⊙ Individual(s) who survived the decedent, but died before the case was decided

○ Individual(s) surviving the decedent

⟶ Passing of property on death of first spouse to die

FIGURE 1: The case presently before this Court

FIGURE 2: *Hughes v. Bell*

FIGURE 3: *Ingram's Estate v. Clough*

FIGURE 4: *In re Frary's Estate*

FIGURE 5: *In re Griffin's Estate (Griffin v. Dohner)*

FIGURE 6: *In re Felgar's Estate (Retschlag v. Smalley)*