In the Matter of the ESTATE of Haden K. SCOTT, Deceased.

Katherine Louise SHELTON, Appellant,

v.

Albert J. UNGER, Appellee.

No. 52092.

Supreme Court of Oklahoma.

Oct. 2, 1979.

Rehearing Denied Jan. 21, 1980.

---

7. Cf. *Howe v. Federal Surety Co.*, 161 Okl. 144, 17 P.2d 404 (1932) and *Bradford v. Southern R. Co.*, 195 U.S. 243, 25 S.Ct. 55, 49 L.Ed. 178 (1904).

R. H. Wills, Sr., R. H. Wills, Jr., Tulsa, for appellant.

David L. Ashbaugh, Claremore, for appellee.

HARGRAVE, Justice.

Haden K. Scott died November 22, 1977, testate and unmarried. His last will and testament designated his sister, Florence Unger, executrix of his estate, and left that estate

> . . . unto my sister, Florence Unger nee Scott, provided she survives me and we do not both die as the result of a common disaster or within sixty (60) days from the date thereof. . . .

In the event "my sister shall not survive me" the decedent's property was left to Mr. Scott's stepdaughter, Katherine Louise Shelton nee Brewer.

Florence Unger did die less than sixty days after her brother. Albert J. Unger, her husband and executor of the estate of Florence, filed a petition two months after her death requesting the court to admit Haden K. Scott's will to probate and asking to be appointed the administrator with will annexed. The stepdaughter, Katherine Shelton, objected to the requested appointment and sought her appointment as administratrix.

The will was admitted and the court appointed Albert Unger administrator. Katherine Shelton appeals the appointment of Unger.

The appellant proposes the trial court committed error in that the court should not have granted letters of administration with will annexed to the husband of the deceased devisee and legatee and deny such letters to the living devisee where these two individuals are the only beneficiaries named in the will, and the devisee named to be administratrix dies prior to the filing of the petition to probate.

Both parties to this appeal rely upon the case of *In re Smith's Estate, 125 Okl. 104, 256 P. 725 (1927)*. In that case, Reta Smith died on March 10, and was survived by her husband, who died on March 14 of the same year. One Mathis was appointed administrator of the estate of the husband. Reta Smith had bequeathed her entire estate to her husband. Reta's only sister and next of kin contested the appointment of the administrator of the husband's estate as administrator of Reta's estate. The sister appealed contending the right to preference in the administration of Reta's estate followed the blood rather than the property. Therein our court noted the right of administration upon estates under all probate law is founded and predicated upon some interest in the estate of the deceased, and subject only to the right of a testator to name his own executor. Inasmuch as the administration of Reta's estate was given to the husband's administrator, the trial court's judgment was held correct because the right to the administration followed the property. It can be seen from this case that the intervention of the personal representative of the deceased beneficiary does not alter the rule that the right should follow the property.

■ This rule is subject, however, to the mandate of statutory preference of order of the parties entitled to administer a decedent's estate under 58 O.S.1971 § 122, and only where the contestants for the position of administrator share an equal footing in the statutory rank of preference therein does the right follow the property. *In re Beach's Estate, 206 Okl. 81, 241 P.2d 390 (1952).* 58 O.S. § 103 provides, *inter alia,* that if the sole executor fails to apply for letters, as is the case where he has died before the probate of testator's will, letters of administration must be issued. That statement taken in conjunction with 58 O.S. 1971 § 221, in our judgment statutorily restricts the principle that the right follows the property. § 221 provides in part:

"If all such executors or administrators die . . . the proper court must issue letters of administration, with the will annexed or otherwise, to the widow, or next of kin or others in the same manner as is directed in relation to original letters of administration. . . .".

We take the clear mandate of these provisions to be that in the appointment of administrator with will annexed, necessitated because of the death of the named executor, the order of preference is governed by 58 O.S. 1971 § 122. The right of the party best entitled to that appointment under § 122, as a matter of statutory law is mandatory, if otherwise competent, binding on the court and not a matter of discretion. *Sparks v. Steele, Okl., 501 P.2d 1106 (1972).*

We have heretofore granted certiorari and now reinstate the judgment of the trial court. The Court of Appeals opinion appears to utilize rules of English usage and grammar as the means of reversing the decision of the trial court. The commonly stated primary rule of construction of wills is to ascertain the intent of the testator and this court is not prepared to adopt the premise that the finer distinction of grammatical construction is a proper basis upon which to determine that intent.

■ The construction given the dispositive provision of the will in the appellate court omits all reference to a common disas-

ter. The provision quoted above was interpreted as follows, resulting in a reversal of the trial court:

All the rest . . . of my property . . . I give unto my sister, . . . provided she survives me and does not die at the same time I do or within 60 days from the date of my death . . .

This construction is not in accord with the mandate of 84 O.S.1971 § 159, providing that:

"The words of a will are to receive an interpretation which will give to every expression some effect rather than one which shall render any expression inoperative."

The interpretation arrived at by the trial court does not violate this above-quoted rule, and our review of the record and briefs leads us to conclude that the trial court did not err in his appointment of Mr. Unger as administrator *cum testamento annexo.* The trial court made the following observation in ruling from the bench:

"In interpreting wills, you must look at all four corners of the instrument and you must consider all of the will and all of the provisions as long as those provisions are reconcilable.

"It appears to me that these two provisions, while there has been a question raised as to the language used, are reconciliable, and when taken and read together that the intent of the testator was that if his sister did not predecease him or did not die at the same time he died in a common disaster or did not die within 60 days after being involved in the common disaster and such death being caused by that common disaster, then she would be the sole and only legatee under the will.

"Frankly, I have found no definite definition of the phrase 'common disaster'. So I think the only way I can go about it is to use the normally accepted meanings of the words; common being something that occurs to each of the persons involved, disaster meaning an accident or misfortune which affects people. And so, putting them together then, it would be a misfortune which they had been subject

to together but which need not mean that they both died at the same time.

"So I have interpreted then, the words 'sixty (60) days from the date thereof' with meaning within sixty days from the time of the common disaster."

Under *In re Smith* the trial court was required to determine the principal recipient of the bounty of the testator in order to determine the party entitled to be appointed administrator of the estate from those equally qualified under 58 O.S.1971 § 122, although final determination of who takes under the will must await further proceedings below, as noted by the trial court in his ruling.

THE OPINION OF THE COURT OF APPEALS IS VACATED; THE DECISION OF THE TRIAL COURT IS AFFIRMED, AND THE CAUSE IS RE-MANDED FOR FURTHER PROCEEDINGS.

LAVENDER, C. J., IRWIN, V. C. J., and HODGES, BARNES, SIMMS and OPALA, JJ., concur.

WILLIAMS, J., concurs in result.

DOOLIN, J., concurs in part and dissents in part.

Rehearing Denied Jan. 14, 1980.