2006 OK CIV APP 134

**In the Matter of the ESTATE OF Ron HENDERSON, Sr., Deceased.**

**Sheila Henderson, Appellant,**

v.

**Tiara Henderson, Appellee.**

**No. 102,487.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Sept. 12, 2006.

---

9. Adamson testified he never touched his brakes or steered out of the way before the impact.

Robert P. Skeith, Riggs, Abney, Neal, Turpen, Orbison & Lewis, Tulsa, OK, for Appellant.

Jasen R. Corns, Paul T. Boudreaux, Feldman, Franden, Woodard, Farris & Boudreaux Tulsa, OK, for Appellee.

Opinion by JOHN F. REIF, Judge.

¶ 1 This appeal arises from a proceeding to probate the intestate estate of decedent, Ron Henderson, Sr. The issue on appeal is whether the trial court erred in appointing decedent's daughter as Administratrix of the estate instead of decedent's surviving spouse.

¶ 2 In making this appointment, the trial judge stated that surviving spouse "has demonstrated a lack of integrity, a lack of good faith relative to the duties that she shall have to all of the heirs of this estate, which include [daughter]." The trial judge felt the relationship between surviving spouse and daughter "is soured enough [to] affect [surviving spouse's] ability to act prudently with regard to the best interests of ... all the heirs of this estate."

¶ 3 The trial judge further stated he based his conclusion that surviving spouse lacked integrity, good faith and prudence on the actions by surviving spouse in (1) barring decedent's son and daughter from viewing their father's body and attending his funeral and (2) failing to identify son and daughter as his family members upon the funeral service directory and funeral pamphlet. The trial judge saw this as "an intent to exclude them from any association with his life and with his death."

¶ 4 On appeal, surviving spouse has basically argued that the reason given by the trial court in refusing to appoint her is both factually and legally insufficient to justify depriving her of the preference under 58 O.S.2001 § 122 to serve as Administratrix of her late husband's intestate estate. In response, daughter contends the trial court properly found that surviving spouse was incompetent to execute the duties of the trust by reason of either improvidence or want of integrity, as provided in 58 O.S.2001 § 126. For the reasons that follow, we find surviving spouse is correct.

¶ 5 First, we do agree that there is good reason to question whether a person would be fair to heirs in the administration of an estate when that person has barred those heirs from attending their father's funeral and deliberately omitted their relationship from funeral materials. However, as "unfair" and as morally reprehensible as such behavior may be, it does not demonstrate the type of disqualifying *dishonesty* that is contemplated by the statutory concept of "want of integrity."

¶ 6 We observe that there is a similar statutory provision, 58 O.S.2001 § 102, that disqualifies a person from serving as an executor, if that person is adjudged incompetent to execute the duties of trust by reason of "want of integrity." The Oklahoma Supreme

Court had occasion to discuss the meaning of this term in the case of *Hadwiger v. Melkus,* 1959 OK 66, 338 P.2d 1098.

¶ 7 In *Hadwiger,* the court noted that it had never defined "integrity" as used in § 102. To do so, the court cited approvingly the discussion of this term by the California Supreme Court in construing a similar provision under California law. In the case of *In re Bauquier's Estate,* 88 Cal. 302, 26 P. 178, 178 (1891), the California Supreme Court said:

> The word "integrity" ... means soundness of moral principle and character, as shown by one person's dealing with others in the making and performance of contracts, in fidelity and honesty in the discharge of trusts. In short, it is used as a synonym for *probity, honesty, and uprightness in business relations with others.*

(Emphasis added.) The California Supreme Court ruled the executor's personal claim to property in the estate did not reflect disqualifying dishonesty.

¶ 8 The court in *Hadwiger* concluded that a bar disciplinary reprimand of the attorney/executor in that case, and the existence of "hard feelings" between the attorney/executor and attorneys for certain legatees, were not sufficient to justify a finding that the attorney/executor was lacking in integrity. *Hadwiger,* 1959 OK 66, ¶ 10, 338 P.2d at 1100. We must likewise conclude surviving spouse's mistreatment of decedent's son and daughter in regard to decedent's funeral does not justify a finding that surviving spouse is lacking in integrity as defined in the *Hadwiger* case.

¶ 9 We have limited our review in this regard to the mistreatment of son and daughter, because the trial judge stated that this was the factual basis for his conclusion that surviving spouse lacked integrity. Obviously, the trial judge did not give any weight to the past financial problems of surviving spouse in deciding whether surviving spouse was incompetent to serve as Administratrix due to want of integrity.

¶ 10 In addition to deciding whether the executor was disqualified for want of integri-

ty, the case of *In re Bauquier's Estate* also considered whether the court was justified in denying the designated executor's application for appointment on the ground she was "antagonistic and hostile" toward the heirs. After a review of case law, the California Supreme Court said that "the courts have no right to add to the disqualifications prescribed by the legislature for such cases." *In re Bauquier's Estate,* 26 P. at 178 and 180. The court believed the legislature's designation of conviction of an infamous crime as a ground for disqualification reflected legislative intent concerning the type of non-business, moral shortcomings that would preclude service as an executor. The court cited approvingly cases that held "[n]o degree of legal or moral guilt or delinquency ... is sufficient to exclude a person from the administration [pursuant to] preference given by the statute, unless such person has been actually convicted of an infamous crime." *Id.* (citation omitted).

¶ 11 Finally, we observe that the trial court did not purport to disqualify surviving spouse on the ground of improvidence. Even if we were to interpret the trial judge's explanation of his decision to include improvidence, this disqualifying ground "relates to a party's inability to manage property and assets, not to any feelings toward other heirs." *In re Estates of Watson,* 2006 OK CIV APP 55, ¶ 15, 135 P.3d 853, 856.[1]

¶ 12 "The right to appointment as administrator is a matter of statutory law, so appointment of the applicant best entitled to appointment under Section 122, if competent to serve as such, is *mandatory,* not discretionary with the court." *Sparks v. Steele,* 1972 OK 127, ¶ 14, 501 P.2d 1106, 1110 (citation omitted); *see also In re Estate of Franz,* 1979 OK CIV APP 37, ¶¶ 5–6, 625 P.2d 1276, 1278. In particular, "the administration of the estate of a person dying intestate must be granted to the surviving spouse or to some competent person designated by said [surviving spouse]." *In re Walker's Estate,* 1934 OK 471, ¶ 6, 36 P.2d 10, 11. This same rule applies in cases of administration with the will annexed. *In re Beach's Estate,* 1952 OK 71, ¶¶ 7–10, 241 P.2d 390, 391–92. Hav-

---

1. This case does recognize that animosity can be considered in making the appointment of an administrator in cases of competing applicants; however, animosity is relevant when the competing applicants have the *same* statutory preference.

ing determined that surviving spouse in the case at hand was not incompetent for the reasons given by the trial court, we must conclude that the trial court erred as a matter of law in not issuing letters of administration to surviving spouse.

¶ 13 In providing the statutory preferences and narrow disqualifying grounds, the legislature was no doubt aware that there would be cases where the party who is given statutory preference to serve as administrator would have intense personal ill-will toward one or more of the heirs. In the event the executor or administrator may act on such feelings to the disadvantage of an heir, the California Supreme Court noted "[t]he executor may always be removed after appointment, unless he discharges the duty of his trust faithfully, and as directed by law." *In re Bauquier's Estate*, 26 P. at 180. The Oklahoma Supreme Court has similarly stated, "If, following his appointment, the executor or administrator by his acts or conduct shall waste, embezzle, mismanage, commit fraud on the estate, or is incompetent or has neglected the estate, he is subject to having his powers to act suspended [as provided in 58 O.S.2001 § 234]." *In re Beach's Estate*, 1952 OK 71, ¶ 11, 241 P.2d at 392. Heirs are also protected by the giving of a bond. 58 O.S.2001 § 171.

¶ 14 For the foregoing reasons, we hold the trial court erred as a matter of law in (1) ruling surviving spouse was incompetent to serve as Administratrix on the ground of want of integrity and (2) granting daughter's application for appointment as Administratrix of the estate in derogation of surviving spouse's statutory preference. Accordingly, the appointment of daughter to serve as Administratrix is reversed and this case is remanded with directions to appoint surviving spouse Administratrix of the intestate estate of Ron Henderson, Sr.

¶ 15 REVERSED AND REMANDED WITH DIRECTIONS.

RAPP, V.C.J., and GABBARD, P.J., concur.